GOULD, APPELLEE, *v.* PORTER, APPELLANT.

(No. 1500—Decided July 12, 1956.)

*Messrs. Kennedy, Kennedy & Purdy,* for appellee.
*Messrs. Myers & Spurlock,* for appellant.

MIDDLETON, J. This is an appeal on questions of law and fact from the Court of Common Pleas and is submitted upon a transcript of the testimony taken at the trial in the Court of Common Pleas and certain additional evidence taken by way of deposition.

Plaintiff's action, as set forth in her petition, is one to set aside a deed executed by her mother, Lydia E. Porter, on August 18, 1951, conveying part of inlot 317 of the city of Fostoria

to the defendant, Robert K. Porter, her son, and the brother of plaintiff.

By way of amendment and supplemental petition, plaintiff asks for an accounting of the rents collected by the defendant since the death of Lydia E. Porter, which occurred December 5, 1951.

Plaintiff states in her petition that Nettie C. Kinsey, a sister of Lydia E. Porter, died testate on or about November 3, 1941; that her will was admitted to probate; and that Item Fourth of the will is as follows:

"Item Fourth: I give, devise and bequeath unto my said sister, Lydia E. Porter, all of my real estate, of which I may die seized, to be her property for and during the term of her natural life, provided, however, that my said sister shall have the right to and I do hereby authorize and empower her to make sale of and dispose of any part of or all of my said real estate of which I may die seized, as she may deem best, and of this she shall be sole judge, at any time and in such manner and at such price and terms of credit as she may deem best, and to execute, acknowledge and deliver deed or deeds of conveyance therefor in fee simple to the purchaser or purchasers without any order or authority from the court in the premises, and to use and consume any part of or all of the principal derived therefrom as she, in her judgment, may deem best. At the death of my said sister, I give devise and bequeath all of my real estate remaining undisposed of and the proceeds, if any, remaining and derived from the sale of my said real estate, to my niece, Roberta Gould, and to my nephew, Robert Porter, to be their property absolutely and in fee simple, share and share alike."

Plaintiff alleges further that Lydia E. Porter at the time of her death was 86 years of age; that for some years prior to her death she was weak both in body and in mind; that on August 18, 1951, Lydia E. Porter had an estate of approximately $10,000 and a life estate in inlot 317 in Fostoria; that, upon the death of Nettie C. Kinsey, Lydia E. Porter came into the possession of the real estate and resided thereon from the date of the death of Nettie C. Kinsey until her own death on December 5, 1951; that on August 18, 1951, Lydia E. Porter executed and

delivered to the defendant what purports to be a deed to the real estate; and that Lydia E. Porter did not own the fee in the real estate but only a life estate.

The petition further sets out that on August 18, 1951, Lydia E. Porter was wholly unable mentally to convey the land to the defendant and at the time she was unable mentally to know, and did not know, that the instrument she was signing was a deed to convey the real estate to the defendant.

It is alleged further that at the time Lydia E. Porter signed the purported deed she had ample funds to fully and properly provide for herself; that by reason of her incompetency the defendant took advantage of his mother when he induced her by fraudulent means to deliver to him the purported deed; that the purported deed is void and of no effect; that the plaintiff is the owner of an undivided one-half interest in the land and entitled to the possession thereof; and that she desires to have the same partitioned if it can be done without manifest injury to the value thereof and, if it cannot be so partitioned, that the land be ordered sold and the proceeds divided equally between plaintiff and defendant.

The defendant filed an answer and cross-petition in which, in substance, he admits the relationship of the parties and the probate of the will of Nettie C. Kinsey, and that, upon the death of Nettie C. Kinsey, Lydia E. Porter came into possession of certain assets and real estate from the estate of Nettie C. Kinsey. All other averments of the petition are denied except such as are, in the amended answer, admitted to be true.

Defendant, for further answer, says that after the death of Nettie C. Kinsey, by mutual consent among plaintiff, defendant and Lydia E. Porter, the money and assets then had by Lydia E. Porter were combined and deposited in various financial institutions in joint and survivorship accounts, to wit, one checking account in the name of Lydia E. Porter; one account of $4,440 in the names of Lydia E. Porter and Robert K. Porter; one account of $1,100 in the name of Lydia E. Porter, Roberta P. Gould or Robert K. Porter; and one account of $1,500 in the name of Lydia E. Porter or Robert K. Porter, being various accumulations from the estate of the father of plaintiff and defendant.

Defendant says further that Lydia E. Porter required much care and constant attendance of nurses and housekeepers, which required large sums of money to pay and a great expenditure of time by the defendant; that during the lifetime of Lydia E. Porter the dwelling house she resided in required needed repairs and betterments which were made by or under the supervision of the defendant and with the knowledge of plaintiff and Lydia E. Porter; that during the lifetime of Lydia E. Porter, and known by the plaintiff, improvements to the dwelling house were begun; that for the cost thereof, defendant paid for the labor and materials purchased, out of his own personal funds, for which he was never repaid; that Lydia E. Porter knew of the improvements and that the defendant was paying therefor personally, and consented to them being made; and that the improvements were going on before and after August 18, 1951, of which the plaintiff had full knowledge and made no objection.

Defendant says that the moneys so expended constituted a consideration for the conveyance of title to the real estate described in the petition.

As a second defense, and by way of a cross-petition, defendant states that he took possession of the real estate under title from his mother during her lifetime, and, claiming to own said real estate, he made valuable and lasting improvements thereto; that those improvements were paid for by him and that he has never been repaid; that the value of the improvements is not less than $5,464.95; that he paid the taxes, for which he has never been reimbursed; that he hired and paid housekeepers during 1949, 1950 and 1951 an aggregate sum of $4,356; that this sum was paid from the private funds of Lydia E. Porter; that he paid surgical, medical and hospital bills amounting to $1,800 for his mother from his private funds and that he has not been repaid; that he made daily trips to Galion from his home in Mansfield to look after his mother and that this traveling was worth at least $.09 per mile; that, beginning with May 1, 1952, and until to September 1955, he has collected as rent from the real estate the total sum of $2,465; and that during this same period he has expended on the property, for repairs, gas, electric power, water, insurance premiums, taxes, traveling

expenses and other necessary expenses in supervising rent collections the total sum of $555.32.

The prayer of the cross-petition is that if partition is decreed, the defendant be allowed a lien upon the real estate for the taxes, improvements, and moneys expended, as set forth in the amended answer and cross-petition.

Plaintiff's reply to the amended answer and cross-petition admits the collection by defendant of the sums stated as rent since the death of Lydia E. Porter. All the other averments of the answer and cross-petition are denied.

The controlling question to be determined is what title in the real estate Lydia E. Porter received under the will of Nettie C. Kinsey, and under what conditions and circumstances she had power and authority to convey away a fee simple title. This necessitates a construction of item fourth of the will of Nettie C. Kinsey, as hereinbefore set out.

The case of *Johnson* v. *Johnson*, 51 Ohio St., 446, 38 N. E., 61, is, in legal principle, on all fours with the case at bar.

The syllabus of that case is:

"1. A testator, after providing for the payment of his debts, used the following language in his will: 'Second—I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same amount the parent would be entitled to if living.' *Held*: That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, convey, exchange or dispose of the same as she might think proper for consumption in her life support, and that what remained at the time of her death, unconsumed in supporting her, belongs to the remaindermen designated in the will.

"2. The widow under this will was, by implication, a *quasi trustee* for those in remainder, and the interest of the brothers

and sisters of the testator, in the unconsumed property, was a vested right which could not be destroyed by the act of the widow in disposing of the property by gift to a third party, or otherwise than for her support or the benefit of the estate.

"3. A third party acquiring said estate from her by gift or fraud, or by collusion with her, to the injury of the vested rights of those in remainder, and with knowledge of the will, holds the same, and the fruits thereof, as a trustee for the remaindermen, and liable as such trustee, to account to them in equity."

The rule laid down in *Johnson* v. *Johnson, supra,* has been approved and followed by all subsequent decisions of the Supreme Court.

In the case of *Tax Commission* v. *Oswald, Exrx.,* 109 Ohio St., 36, 141 N. E., 678, Judge Day, in his opinion, cites *Baxter* v. *Bowyer,* 19 Ohio St., 490, upon which the rule laid down in *Johnson* v. *Johnson, supra,* is founded, and then gives a very complete analysis of the many decisions of the Supreme Court where the principle is applied.

Under the will of Nettie C. Kinsey, Lydia E. Porter took only a life estate in the real estate, with the power to use and consume if necessary for her support. That such was the intention of the testator is clearly disclosed by the provisions of the entire will.

It is urged by the defendant that he made large expenditures for the support of his mother during her lifetime, and in the repair and improvement of the property; and that he also expended various amounts of money and personal service and attention in the care of his father and also of his aunt, Nettie C. Kinsey.

It cannot be successfully claimed that any support or services rendered to the father or the aunt could in any manner provide a consideration for the deed given to him by his mother.

Testimony was offered that Lydia E. Porter had available for her support at the time she executed the deed, cash and securities in excess of $7,000.

The evidence does not show any express agreement that the mother would reimburse the defendant, nor does the evidence

show that the defendant expected any repayment of the moneys so expended by him in the care and support of his mother. The evidence does reveal that the defendant was very solicitous of his mother and gave to her every care that could be expected from a devoted son. However, in this relationship of mother and son there is every presumption that what the son did for his mother was gratuitous and there is nothing in the evidence to rebut such a presumption.

None of the improvements or betterments to the real estate made by the defendant were made with the consent of the plaintiff, or with any understanding that the expense thereof was to be refunded to the defendant. In view of the evidence, the defendant cannot now recover such sums so expended.

The court finds from the evidence that the defendant has collected as rent from the property since the death of the life tenant, the sum of $2,465, and has expended for repairs, taxes, and so forth, on the property, the sum of $558.06 which amount so expended is a proper charge against the income.

The court finds that the plaintiff is entitled to the relief asked and that the deed executed by Lydia E. Porter to the defendant is null and void, and it is set aside.

The plaintiff is found to be the owner in fee simple of an undivided one-half interest in the real estate described in the petition. The defendant is the owner of the other undivided one-half interest, and the plaintiff is entitled to partition thereof.

*Judgment accordingly.*

QUATMAN, P. J., and YOUNGER, J., concur.