17417

Gary L. THOMASON, Appellant, v. Lillie N. HELLAMS, Individually and as Executrix, Respondent

(103 S. E. (2d) 324)

12

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, *for Appellant,*

*Messrs. O. L. Long,* of Laurens, and *Melvin K. Younts,* of Fountain Inn, *for Respondent,*

April 17, 1958.

STUKES, Chief Justice.

This case relates to the will of J. H. Hellams, late of Laurens County. The items of it in question are the third and fourth, which follow:

Item 3: I will, devise and bequeath unto my beloved wife, the said Lillie N. Hellams, for and during the terms of her natural life, all of my real estate; unless it becomes necessary for her support and comfort, in which case, and she to be sole judge of the necessity, she has full power to sell any part or the entire real estate holdings without the order of any court and is hereby empowered to execute good fee simple title to the same or any part thereof.

Item 4: If at the time of death of my said wife there is remaining any of my real estate it is my desire and I so direct that the same go to my nephew, Gary L. Thomason, now residing at Jonesville, S. C., in fee simple forever.

The appeal is from sustention of demurrer to the complaint, the material allegations of which may be summarized as follows:

The devised real estate consists of fifty-four acres of land with a residence, three tenant houses and a sizable cotton acreage. It is located in the town of Fountain Inn which is of rapid population growth, industrial development

and increasing values of real estate. It is capable of sub-division into small tracts or lots which would sell for more than if it were sold as a whole. The monthly income from the tenant houses and the cotton acreage should be more than $125.00 and if that amount is insufficient for the support and comfort of the defendant, lots could be sold to supplement the income. The property is worth at least $20,000-.00 and it will not be necessary to sell the dwelling and surrounding acreage for many years unless the defendant should have unforeseen needs for her support and comfort. Prior to his death testator sold lots in and near the area of this property, as the defendant has done since. Testator did not intend that the defendant should so soon after his death sell the entire property but that his widow, the defendant, should occupy the home during her life. She is about to sell all of the property to one of her relatives for $12,000.00 which is less than its value, which would be harmful to plaintiff and defendant and not in accord with the testamentary intention. Judicial construction of the will is necessary. If it should be construed as giving defendant the power to sell all of the property immediately, quoting from the complaint, "the proceeds should be stamped with a trust in favor of plaintiff and kept separate and distinct from other personal property and that any unused portion for her support and comfort should belong to plaintiff." Plaintiff should be given the refusal to purchase and pay cash for any part of the property which is sold by the widow, at a price for which she has agreed to sell it to her relatives or others.

The defendant interposed a demurrer to the complaint upon general grounds, which was sustained, the complaint dismissed and *lis pendens* cancelled. Appeal by plaintiff followed.

It was held that the will is plain and unambiguous and there is no room for construction or interpretation of it. The court improperly took into consideration facts, such as the very advanced age of the defendant and her frail health, which were disclosed in argument; but

they were not in the complaint and will not be considered by this court. And the facts alleged in the complaint must be taken as true on demurrer. The injunctive relief which was sought was denied for the reason that it did not relate to existing facts.

A deed, devise or bequest for life with power of disposition and remainder to another (of such property as is not disposed of by the first taker) is valid. *Dye v. Beaver Creek Church,* 48 S. C. 444, 26 S. E. 717, 59 Am. St. Rep. 724; *Lynch v. Lynch,* 161 S. C. 170, 159 S. E. 26, 80 A. L. R. 997; *Hamrick v. Marion,* 176 S. C. 361, 180 S. E. 213; *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637; *Shevlin v. Colony Lutheran Church,* 227 S. C. 598, 88 S. E. (2d) 674. Annotations, 36 A. L. R. 1177, 76 A. L. R. 1153. In *Forrest v. Jennings,* 107 S. C. 117, 92 S. E. 189, this rule was applied, although the will there did not expressly limit the first taker to a life estate; nor did it in *Rogers v. Rogers, supra,* or in *Shevlin v. Colony Lutheran Church, supra.* And see *Andrews v. Roye,* 12 Rich. 536, and the review of it in 17 A. L. R. (2d) at page 205.

In *Hamrick v. Marion, supra* [176 S. C. 361, 180 S. E. 215], a similar will to that at bar was under construction. The court adopted as its judgment the circuit decree, from which the following is quoted, applicable here: "I am convinced, after reading the entire will to determine the true intent and meaning of the testatrix, that she has left her property to her husband, the plaintiff herein, for life, and that the life estate given him is by the terms of the will coupled with a power of disposition for his own use as he may desire, with whatever of the estate not disposed of under the power, but remaining at the death of the life tenant, to her brother and sisters or their surviving children. The life tenant is given a power of sale which is unlimited and which is to be exercised for his own benefit. * * *. As he is given the right of 'using any part of the principal or corpus of said estate as he may desire,' he may do so

without accounting to anyone for the uses which he may make thereof." The *Hamrick case* sustained a mortgage as within the power of disposition; contrary result was reached under the peculiar facts of the earlier case of *Sheffield v. Grieg,* 105 S. C. 219, 89 S. E. 664.

In *Moody v. Tedder,* 16 S. C. 557, question was raised as to the properiety of the sale of slaves under a devise and bequest to testator's widow for life with power, quoting, "to use and dispose of so much thereof as may be necessary for her comfortable support and maintenance in such style and manner as she may see fit." The following extracts from the opinion of the court are quite apposite to the controversy in hand:

"This case, like that of *Finley v. Hunter,* 3 Strob. Eq. 78, 84, must be determined upon the strong phraseology of the testator's will and a manifest intention appearing from the terms he has employed in the gift to his wife for life and the limitation over. It seems that the testator was childless, and naturally his wife was the first object of his bounty. He desired to make her comfortable for the remainder of her days if it took the whole of his estate to do it, and as is shown by the gift to her of the whole property for life, 'authorizing and empowering her to use and dispose of so much thereof as may be necessary for her comfortable support and maintenance in such style and manner as she may see fit and proper.' This was practically an absolute power of disposal, for while it is true that the will indicates the purpose for which it was given and for which alone the power could be exercised, yet in extent it was unlimited, as the widow was made the sole judge of the 'style and manner' of her living, and necessarily of the amount which would be required to support it. * * * We are, therefore, relieved from considering the embarrassing questions which arise out of the relation of technical tenant for life and remainderman. * * * There is no foundation in this case for such relation. The most ample power of disposal was given to the first taker, and the second taker was expressly re-

stricted to what property remained after the death of Mrs. Griggs. No such relation as that of trustee and *cestui que trust* in the usual form existed between Mrs. Griggs and Jemima Tedder. It is clear the testator did not intend to make his wife accountable to her niece either for extravagance in the manner of her living, or for want of business habits and economy, or generally for the manner in which she used the property while in her possession. His wife was the first object of his affections, and she was to be made comfortable out of his property if nothing remained of it at her death."

Compare *Blakely v. Blakely,,* 155 S. C. 123, 152 S. E. 24, where it was held that the life tenant with power of disposition could not divert the property, or proceeds of the sale of it, to her separate estate; and *Lynch v. Lynch, supra,* 161 S. C. 170, 159 S. E. 26, 80 A. L. R. 997, which concerned a trust deed and the duties of the trustee with respect to the property.

Wills of like import to that before us are by no means uncommon. Several of our own decisions concerning such have been cited. A great many from other jurisdictions are reviewed in the annotations in 2 A. L. R. 1243, 27 A. L. R. 1381, 69 A. L. R. 825 and 114 A. L. R. 946. A recent North Carolina case, cited by respondent, *Langston v. Barfield,* 231 N. C. 594, 55 S. E. (2d) 361, opinion by the late Chief Justice Stacy, is authority for affirmance here.

The following general rules which apply in such cases are found in the annotation in 2 A. L. R.:

"While the power of anticipation or enjoyment of the principal of an estate given to a life tenant is generally conditioned on a necessity for his comfortable support and maintenance, in some instances the grant of the power is coupled with an expression giving a broader power of disposition. It is held that in these cases that the life tenant is given an absolute and unlimited power of disposition, and may dispose of the property as he pleases, so long as he acts in good faith, and does not waste or squander the property for the

purpose of preventing the remainder of the estate from going to the remaindermen." p. 1243.

"Where a power of sale for the purpose of maintenance and support is given to a life tenant, the question whether a sale is necessary to the support of the life tenant is generally considered as committed to his discretion." p. 1261.

"And where the grant or devise of power to the life tenant is limited to a sale or other disposition to meet some contingency which may or may not arise, as where power is given to sell, transfer, or dispose of the property or as much thereof as may, from time to time, be needed for the life tenant's support and maintenance, the question who is to determine when the contingency so provided against has arisen, thus maturing the power to convey, is one which has frequently occupied the attention of the courts, and in the great majority of cases it is held that if the grant of power is otherwise full or general in its terms, and the determination of the question is one which involves the exercise of judgment and discretion, the decision made in good faith by the life tenant himself is final. It is likewise held in these cases that the amount required or used by the life tenant for his support and maintenance rests entirely in his honest judgment and discretion, which cannot be controlled or limited by the courts in the absence of bad faith or fraud." p. 1285.

"Where a will gives a life estate for the use and benefit of the life tenant, with a power of sale or disposition, and an express remainder over of 'what remains,' or some equivalent phrase, while the life tenant is entitled thereunder to the possession and control of the property during his life, with power to dispose of the whole or any part of the principal thereof as his necessities may require or his judgment dictate, he cannot dispose of it by gift *inter vivos*." pp. 1316, 1317.

"Where a will gives a life estate for the use and benefit of the life tenant, with a power of sale or disposition, and

an express remainder over of 'what remains,' or some equivalent phrase, while the life tenant is entitled thereunder to the possession and control of the property during his life, with power to dispose of the whole or any part of the principal thereof as his necessities may require or his judgment dictate, he cannot waste or extravagantly and recklessly squander the estate." p. 1325.

The following is from the supplemental annotation in 69 A. L. R. 825:

"The rule laid down in the original annotation in 2 A. L. R. 1243 is supported by the later decisions. The power to make a gift or devise, or fraudulently to defeat the remaindermen's estate by subterfuge, are the only rights which the life tenant with general powers of disposition is generally denied."

There is in the complaint in the instant action no charge of fraud on the part of the life tenant, which would present a different question. *Sires v. Sires,* 43 S. C. 266, 21 S. E. 115. Annotation, 17 A. L. R. (2d) at page 225. Nor do we need go as far in this case as did the California court in *Colburn v. Burlingame,* 190 Cal. 697, 214 P. 226, 27 A. L. R. 1374, which approved expenditures by the life tenant (with power of disposition for her benefit) for the support of a second husband; or the New York Court in In re Smith's Will, 231 App. Div. 277, 247 N. Y. S. 263, which appears to have approved purchase from the corpus of the estate of diamonds for the personal adornment of the widow-life tenant.

In view of the contents of the will of testator and of the principles of law to which we have adverted, the judgment on appeal will be affirmed.

Appellant's conception of the relief to which the allegations of the complaint entitled him is reflected in the prayer of it. First he prays, "(1) That the said will be declared to give defendant a life estate in said real estate with power to sell so much of same as may be neces-

sary for her comfort and support, she to be the sole judge of the necessity to sell part and eventually all if the occasion demands such a sale for her support and comfort." This is also respondent's contention under the demurrer; there is no contest. The second prayer is, "(2) That the proceeds of sale, should the entire tract be sold in the immediate future, be kept separate and apart from other personal property of defendant and should the full amount not be used for her support and comfort, then the remainder should become the property of plaintiff." The court was of opinion that this is premature, there has been no sale and there are no proceeds, citing *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174, 87 A. L. R. 1201, and annotation. Respondent's counsel conceded in oral argument in this court the propriety of this position when it becomes applicable to existing facts, which we need not, and do not, decide. Again, there is no controversy. This concession lends hope that peace will hereafter prevail between the parties. Fnally, the prayer of the complaint was for injunction of any sale of part or all of the property by respondent without opportunity to appellant to purchase it, quoting, "at bona fide sales price." We have been cited no authority, and have found none, which supports this contention. The simple answer is that testator did not so condition the broad power of sale which he vested in respondent by the terms of his will.

Judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.