Frances Ann **NETTZ**, Executrix of the
Estate of **H. L. Nettz**, Deceased,
Plaintiff,

v.

V. Lee **PHILLIPS**, District Director of
Internal Revenue, Defendant.

Civ. No. 4–1066.

United States District Court
S. D. Iowa,
Central Division.

Feb. 12, 1962.

John H. Raife, Des Moines (of Dickinson, Throckmorton, Parker, Mannheimer & Raife), and J. R. Larson, Atlantic, Iowa, for plaintiff.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, and John T. Piper, Dept. of Justice, Washington, D. C., for defendant.

STEPHENSON, Chief Judge.

This matter came on for hearing after the parties hereto filed stipulations of facts herein followed by motions for summary judgment on behalf of each. The facts are not in dispute. The issue before the court involves a determination of whether property passing from decedent to surviving spouse by will qualified for the marital deduction permitted under the Federal Estate Tax laws. (Section 812(e) of the Internal Revenue Code of 1939, as amended by Section 93(a) of the Technical Amendments Act of 1958).

H. L. Nettz died April 16, 1954, leaving as his will an instrument entitled "Joint and Reciprocal Last Will and Testament of H. L. Nettz and Frances Ann Nettz," which was probated in Cass County, Iowa. His surviving spouse, Frances Ann Nettz, was appointed executrix of his estate. She filed a federal estate tax return showing no tax due. Upon audit the government assessed a deficiency of $2,328.58 plus interest thereon of $271.29 which plaintiff paid and now seeks to recover. The tax in dispute was computed on property of a value in excess of $25,204.12 which the government contends does not qualify for the marital deduction. Said property passed from decedent to his wife under the provisions of his will.

The court has jurisdiction of the parties and of the subject matter of this action by virtue of Title 28, Section 1340.

The relevant portions of decedent's will are as follows:

"Paragraph 1.

"It is our joint will and the will of each of us that this instrument shall be probated and shall operate as the Last Will and Testament of he or she of us who shall first die, and that this instrument shall also be probated and shall operate as the Last Will and Testament of the survivor of us. Once executed by both

of us this will may not thereafter be revoked or made inoperative by the act of one of us without the consent and joint action of the other of the undersigned testator and testatrix."

"Paragraph 2.

"Subject only to the payment of the just debts and the expenses of the estate of the first of us to depart this life, we do each hereby give, devise and bequeath to the other all of the property of which we die seized or possessed or to which we are entitled at the time of our death, real, personal and mixed and wheresoever located, absolutely and in fee simple, it being the will and intention of each of us that all of the property owned by him or her of us who shall first die shall pass, absolutely and in fee simple, to the other."

"Paragraph 6.

(As modified by Par. 3 of Second Codicil)

"It is the joint and mutual will of undersigned testator and testatrix, and the will of the survivor and of each of us, that upon the death of the survivor of undersigned testator and testatrix all of the real estate owned by such survivor at the time of his or her death shall be sold by our hereinafter named alternate executor, or by any successor or substitute then acting and the net proceeds of all such sale or sales of real estate, after payment of the debts and all necessary expenses of the estate of such survivor, and also all moneys and personal property owned by or remaining in the possession of such survivor, shall be divided, paid and delivered to the following named persons and organizations in the proportions and percentage shares following, to-wit: [listing 27 named beneficiaries with varying percentages from ½% to 27%]"

The government contends the marital deduction is not available to the Estate of decedent because the surviving spouse received only a terminable interest in his property. The plaintiff contends the interest passing to the spouse by the will qualified under Section 812(e) (1) (F), Internal Revenue Code of 1939 as amended by Section 93(a) of P.L. 85–866, effective as to estates of decedents dying before August 17, 1954, which is as follows:

"(F) Life estate with power of appointment in surviving spouse.— In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

Since the will was executed and probated in Iowa the law of Iowa determines the nature and extent of the property interests passing to Mrs. Nettz under the will. Awtry's Estate v. Commissioner of Internal Revenue, 1955, 8

Cir., 221 F.2d 749; Poage v. Phillips, 1962, S.D.Iowa, 202 F.Supp. 267.

It is clear that the will devised the property to the survivor (Mrs. Nettz) absolutely during her lifetime. There is no limitation on the survivor's right to dispose of the property in any manner she sees fit during her lifetime, however, this does not include the right to make testamentary disposition of any property existing at her death. Culver v. Hess, 1944, 234 Iowa 877, 14 N.W.2d 692; In re Lenders' Estate, 1956, 247 Iowa 1205, 78 N.W.2d 536; Powell v. Mc-Blain, 1936, 222 Iowa 799, 269 N.W. 883. Thus the only limitation on the survivor is as to testamentary disposition of property she possesses at her death which she has contracted to pass in accordance with paragraph 6 of the will.

The government contends that to avoid the terminable interest rule the taxpayer must show that the surviving spouse has the power to appoint all the property in question to herself or her estate, including the unconsumed portion; that a property interest cannot qualify for the marital deduction where it does not include the power to devise. Pipe's Estate v. Commissioner, 1957, 2 Cir., 241 F.2d 210, cert. denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31; Piatt v. Gray, 1961, W.D. Ky., 201 F.Supp. 401 (62–1 U.S.T.C., par. 12,052, p. 8104). On the other hand plaintiff contends that where the surviving spouse has the unrestricted right to dispose of the property during her lifetime without the power to devise, the weight of authority allows the marital deduction. McGehee v. Commissioner, 1958, 5 Cir., 260 F.2d 818; Geyer v. Bookwalter, 1961, W.D.Mo., 193 F.Supp. 57; Carlson v. Patterson, 1961, D.C.Ala., 190 F.Supp. 452. This court is of the view that Taxpayer's contentions in this regard must be sustained. The statute itself uses the disjunctive "or" and the regulations contemplate that if the surviving spouse possesses the unrestricted power to use all or any part of the property during her life that is sufficient.

Regulation § 81.47(a) (c) (7) (iii) provides in part:

"* * * In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it by gift (*whether or not she has the power to dispose of it by will*)." (Emphasis supplied.)

Regulation § 81.47(a) (c) (7) (v) provides as follows:

"(v) If the surviving spouse has the requisite power to appoint to herself or her estate, it is immaterial that she also has one or more lesser powers. Thus, if she has a testamentary power to appoint to her estate, she may also have a limited power of withdrawal or of appointment during her life. *Similarly, if she has an unlimited power of withdrawal, she may have a limited testamentary power*." (Emphasis supplied.)

■■ In view of the court's holding that the interest passing to the spouse herein qualifies for the marital deduction under section 812(e) (1) (F), as amended, it is unnecessary to pass on plaintiff's contention that said interest also qualifies for marital deduction under section 812(e) (1) (A) because nothing passes under decedent's will to others. Newman v. U. S., 1959, S.D.Ill., 176 F.Supp. 364. In Iowa, as in Illinois, any interest passing to others passes under the will of the survivor, not under the will of the first spouse to die. In re Farley's Estate, 1946, 237 Iowa 1069, 24 N.W.2d 453.

The foregoing shall constitute the court's findings of fact and conclusions of law pursuant to Rule 52(a), Title 28, U.S.C.

IT IS ORDERED that judgment is hereby entered against the defendant and in favor of the plaintiff in the sum of $2,599.87, together with interest thereon at the rate of 6 per cent per annum from and after June 26, 1957.