**Agnes B. DEKKER, as Executor of the Last Will and Testament of Simon H. Dekker, deceased, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. RI-125.**

United States District Court
S. D. Illinois, N. D.

Aug. 9, 1965.

Joseph R. Rosborough, Moline, Ill., for plaintiff.

Edward R. Phelps, U. S. Atty., Springfield, Ill., C. Moxley Featherston, David A. Wilson, Jr., Steven Shapiro, Attys., Dept. of Justice, Washington, D. C., for defendant.

MERCER, Chief Judge.

Both parties have moved for summary judgment in this suit by plaintiff for reimbursement for federal estate taxes paid by the Executor of the Estate of Simon H. Dekker, Deceased, pursuant to

a deficiency assessed by the District Director of Internal Revenue. There being presented no genuine issue as to any material fact, the cause is now before the court upon the legal question as to the legal effect of the joint will of Simon H. Dekker and his wife, Agnes B. Dekker.[1]

On January 16, 1962, Simon H. Dekker died. The joint will was admitted to probate in the Probate Court of Rock Island County, Illinois, on January 30, 1962. Approximately one-half of the property of Dekker and his wife was held by them in joint tenancy and the other one-half stood in the decedent's name alone.

An estate tax return for the estate was duly filed with the District Director of Internal Revenue upon which a marital deduction was claimed by the executor, claiming the right to deduct one-half of the adjusted gross estate as property passing to the surviving spouse absolutely and thus entitled to be excluded from the taxable estate. As a result of that deduction the return showed no tax due.

Thereafter the District Director rejected the marital deduction on the ground that the disposition of property under the joint will was a contractual disposition. A tax deficiency of $1,934.17, plus interest of $119.54 was assessed against the estate. Tax in that amount was paid by the executor on April 28, 1964. This suit was then filed against the United States for a refund of the tax paid.

The only issue for decision in this case is the question whether the interest of Agnes B. Dekker in the property involved under the joint will, including property held in joint tenancy, is a terminable interest or an absolute interest. If that interest is terminable, the marital deduction was properly disallowed. 26 U.S.C. § 2056(b), 26 C.F.R. 2056.

■ The law of Illinois controls the decision of that issue. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154.

■ The rule in Illinois is that a joint will of a husband and wife which reflects a contractual arrangement between them for the devolution of property to named beneficiaries after the death of both joint testators creates a life estate in their property in the survivor of them with an enforcible gift · over to the remainder beneficiaries upon the termination of the life estate. E. g., Bonczkowski v. Kucharski, 13 Ill.2d 443, 150 N.E.2d 144; In re Estate of Edwards, 3 Ill.2d 116, 120 N.E.2d 10. The rule applies to property owned by the parties in joint tenancy as well as to property owned outright by each of the joint testators if there is evidenced an intent, by agreement, to hold such property until the death of both for the use of the ultimate beneficiaries named in the will. Tontz v. Heath, 20 Ill.2d 286, 170 N.E.2d 153; Bonczkowski v. Kucharski, supra. The key to application of the doctrine of these cases is proof of a contractual arrangement for the pooling of all property for a particular scheme of devolution. If such an arrangement be proved, the survivor of the joint testators takes only a life estate in all property, and he or she is precluded from alienating the property by will or

---

1. That will, dated March 24, 1950, provides in pertinent part:

"We * * * do hereby make, publish and declare this to be our joint last will and testament * * *.

"First: It is our will and we hereby direct that all of our just debts and funeral expenses be first paid out of our estate.

"Second: After the death of either of us and after the payment of our funeral expenses and just debts, we give, devise and bequeath all the balance of our estate, * * * real estate, personal or mixed of whatsoever kind and nature and wheresoever situated that either shall die seized and possessed of, to whomsoever shall be the survivor of us.

"Third: At the time of the death of the survivor of us, or if we should both die at the same time, if there be anything left, then we give, devise and bequeath to our children. Raymond S. Dekker and Lillian Laughlin, all of our property be it real, personal or mixed of whatsoever kind and nature and wheresoever situated, share and share alike."

conveyance after the death of the other joint testator. E. g., Tontz v. Heath, supra.

The statement in Frazier v. Patterson, 243 Ill. 80, 90 N.E. 216, 27 L.R.A.,N.S., 508, that a contractual arrangement is presumed from the fact that a joint will was made is not followed by later Illinois cases. The determinative factors are the provisions of the will itself and other proof bearing upon the intent of the parties in making a joint will. E. g., Bonczkowski v. Kucharski, supra, 13 Ill.2d at 453, 150 N.E.2d 144.

In the Heath case the gift in the will was, first, to the one of us who survives "for and during" his natural life. In Kucharski, the will contained no provision for the surviving testator but simply gave property to named beneficiaries after the death of both "of us." In Edwards, there was an express provision that the property be held by the survivor testator during his lifetime, then to be given to the named beneficiary. The will also contained an express restriction precluding the survivor from selling the property during his lifetime. The joint testators in Curry v. Cotton, 356 Ill. 538, 191 N.E. 307, "covenanted" with each other for the scheme of distribution contained in the joint will.

In each of those cases the court held that a contractual scheme of distribution was shown by the face of the will and other evidence of record.

■ I think it apparent that there is lacking here any indicia of the intent of Mr. and Mrs. Dekker in executing this will to effectuate a contractual disposition of property to their children, thus limiting the interest of Mrs. Dekker, as the survivor of them, to a life interest only. The principal gift of the will gives all property to "whomsoever shall be the survivor of us." Clause Third provides that upon "the death of the survivor of us * * * if there be anything left" all property is given to the children of the parties in equal shares. Clearly, the Dekkers intended a testamentary disposi-

tion of property to the survivor of them, without restriction upon the survivor's title thereto, with an alternative gift to children at the time when the survivor shall die.

In that regard the government argues that the wife has a life interest, but that she has the right under the will to invade the corpus of the property "for her needs." It must be noted that that quoted phrase comes from the government's brief, not from the language of the will. Taking the events as fate has decreed them, one of the joint testators is gone, but in leaving he left all property to the other joint testator, his wife. He left behind the written monument of his intention saying that upon the death the survivor of he and his wife, if there was any property left, then he desired that property to descend to his children. The words which he used placed no restriction upon the wife's use of the property in her lifetime. It is only by reading something into the will which is not there that it can be said that the will precludes the wife from selling the property without restraint and without regard to her needs.

Plaintiff was entitled to claim the marital deduction, McGehee v. Commissioner, 5 Cir., 260 F.2d 818; Awtry's Estate v. Commissioner, 8 Cir., 221 F.2d 749; Newman v. United States, S.D.Ill. 176 F.Supp. 364; First Nat. Bank v. Nelson, E.D.Wis., 233 F.Supp. 860; Nettz v. Phillips, S.D.Iowa, 202 F.Supp. 270, and is entitled to a judgment in this suit for reimbursement for the estate taxes and interest paid pursuant to the erroneous deficiency determination by the District Director.

The above opinion includes the court's findings of fact and conclusions of law.

Plaintiff's motion for summary judgment in her favor is allowed. Defendant's motion for summary judgment in its favor is denied. Judgment is entered for the plaintiff against the defendant in the sum of $2,053.71, together with interest thereon at the rate of 6% per annum from April 28, 1964, and costs.