In the Matter of the Estate of ELIZABETH BERKAW BLIGH,
Deceased

WILLIAM CURRAN BLIGH, Executor of the Estate of ELIZA-
BETH BERKAW BLIGH, Deceased, Appellant

No. 16882

United States Court of Appeals

Third Circuit

Argued February 2, 1968

Filed April 30, 1968

*See, also, 394 F.2d 167*

FREDERICK D. ROSENBERG, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

EDITH L. BORNN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before KALODNER, STALEY and SEITZ, *Circuit Judges*

SEITZ, *Circuit Judge*

### OPINION OF THE COURT

This is an appeal from a judgment of the district court interpreting the will of Elizabeth Berkaw Bligh ("testatrix"). The testatrix died at St. Thomas, Virgin Islands on May 13, 1966. She was survived by her husband, William, two daughters and one son, all adults. Her will was dated January 11, 1965. Her gross estate, consisting solely of personal property, was valued at about $52,000.

██ ██ The executor-husband ("petitioner"), being doubtful as to the proper interpretation of a provision of the will, filed a petition for instructions. The children of the testatrix, being the other parties interested in the case, were served with process and filed an answer. The matter was, by stipulation, submitted on the record. We think that in future will construction cases the surrounding circumstances should be developed either by adequate stipulation or evidentiary hearing. We say this because they are often important aids in such cases. For example, at oral argument counsel stated that the children of the testatrix were of a former marriage. That fact is not in the record and, therefore, cannot be considered.

The interpretation issues are raised by the following provision of the will:

"Second: All the remainder of my estate, both real and personal, wherever situated, I hereby give, devise and bequeath as follows:

(a) To my husband, WILLIAM CURRAN BLIGH, during his lifetime, with full power to use the property as he sees fit, and

(b) Upon the death of my husband, WILLIAM CURRAN BLIGH, to be divided equally among my two daughters and my son, MARIAN LOSEY KOFFMAN, LINDA LOSEY CARONA and FRANKLIN P. LOSEY, JR., with my son to be the arbiter, whose decision shall be final, if any question arises about the equal division of the said property."

The husband's petition asserted that the quoted provision of the will either (1) vested in him full and complete ownership of the estate, the gift over being void because it was repugnant to the legacy, or (2) gave him a life interest, with full power of disposition, the gift over being a remainder contingent upon any thing remaining at his death.

The children's answer contended that there was no outright legacy. They argued further that the petitioner had a life interest with no power to dispose of the property. In other words, they contended that he had only the right to the income from the property.

The district court determined, by order without opinion, that the will gave the petitioner a life estate without a power of disposition. The petitioner appealed. He again raises the contentions asserted below.

■■ The petitioner first contends that clause (a) vested in him the complete ownership of the estate, the gift over to the children being void because it was repugnant to his outright legacy. We need not consider the present day efficacy of this mechanical approach to will construction because we do not find the clauses to be necessarily repugnant to each other. The language of (a), to the effect that petitioner "with full power to use the property as he sees fit," is said to indicate that an absolute gift was intended. Without more we would agree. But when it is read with (b), the language takes on a different meaning. By the

language of (b) the testatrix appears to assume and intend that there was to be property to be divided equally among her children after her husband's death. Thus, a construction that the petitioner takes all the property outright clashes with the equally strong evidence of intention reflected in (b).

We think the testatrix did not intend to give her estate to the petitioner absolutely. This conclusion is required in order to give adequate weight to clause (b).

Petitioner next contends that he was at least given a life interest with full power of disposition. All parties agree that the petitioner has a life interest in the net assets of the estate. They disagree as to whether he has the power to dispose of such assets for his own benefit. Once again we are confronted with the same unclear language of the will. We conclude that the petitioner does not have the power to dispose of the assets. We realize that (a) says he may use the property as he sees fit. But we do not here construe "use" to embrace the concept of disposing of assets for his own benefit.[1] Our primary reason for so concluding is that there is no restriction in the will which would limit the purposes for which he could use the assets. In consequence, under petitioner's interpretation he would have an uncontrolled right of disposition which would be the equivalent of an outright disposition. This, we have found, was not intended.

A further reason for limiting the word "use" to the income from the property is found in the fact that in (b) the testatrix, in making her son arbitrator, refers to "such property." The only prior reference to "property" in the will is in (a). Thus, we think such reference in (b) is to the property left to the petitioner under (a). In our view the testatrix contemplated that the property from

---

[1] He may, in our opinion, change the form of the assets with due regard for his duty to preserve them for those ultimately entitled to them.

which the husband was to enjoy the income under (a) was, after his death, to be divided in accordance with (b).

The judgment of the district court will be affirmed.