**Clarice S. BURNETT, Executrix of the Estate of Arch P. Burnett, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 69–390.**

United States District Court, D. South Carolina, Greenville Division.

June 29, 1970.

Wesley M. Walker and Earle G. Prevost, Greenville, S. C., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Myron C. Baum, Charles G. Barnett, Attys., Dept. of Justice, Washington, D. C., and Joseph O. Rogers, Jr., U. S. Atty., Columbia, S. C., and J. D. McCoy, Asst. U. S. Atty., Greenville, S. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

DONALD RUSSELL, District Judge.

The issue in this case is whether a certain testamentary gift to a surviving spouse qualifies for the marital deduction under Section 2056, 26 U.S.C.

The parties have stipulated the essential facts. Actually the controversy turns on the construction of the will of the testator. The pertinent terms of the will have been agreed to and the only dispute between the parties concerns the construction of such terms.

The language of the testamentary gift in question, which poses the controversy, is:

"Item III. I will and devise all of my real estate unto my wife, Clarice S. Burnett, for and during her natural life, but she shall have the privilege of selling and conveying any or all of said real estate, in her sole discretion, and use the proceeds therefrom as she desires. Any of said real estate which may remain at her death shall go to our children, Kate B. Putman, T. Whitner Burnett and Dorothy B. Vaughn, share and share alike."

In the paragraph preceding this gift, the testator had bequeathed his personal property as follows:

"Item II. I will and bequeath all of my personal property of every kind and wherever situated unto my beloved wife, Clarice S. Burnett."

The executrix, plaintiff in this action, claimed that the gift under Item III qualified for the marital deduction authorized under Section 2056. The Commissioner concluded that the gift did not qualify and issued a deficiency assessment. The plaintiff thereupon paid the estate tax due as a result of such deficiency assessment and now sues to recover back the payment so made, claiming that the gift did meet the criteria for such marital deduction under the Statute.

■ At the outset, it should be noted that State law determines the "quality and quantity" of the surviving spouse's title under the testamentary provision involved herein; whether such interest, so determined, qualifies for the marital deduction is, however, controlled by the federal law authorizing the marital deduction. Pierpont v. Commissioner of Internal Revenue (4th Cir. 1964) 336 F. 2d 277, 281, cert. den. 380 U.S. 908, 85 S.Ct. 890, 13 L.Ed.2d 795.

Section 2056(b) (5) authorizes a marital deduction for a testamentary gift of a life estate in favor of the surviving spouse, if accompanied "with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), * * *." Under the Regulations issued pursuant to this Section, five criteria are established for qualification under this deduction. Regulation 20.2056(b)–5. It is agreed that the gift in this case meets all such criteria with the exception of:

"(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

"(4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events."

■ To qualify the power given the life estate willed the surviving spouse for the statutory marital deduction, such power, it is plain from the language of the Statute and the Regulations issued thereunder, must vest the surviving spouse with an absolute, unrestricted right of disposition. Though there is some contrary authority, it does not seem necessary that the power of disposition include a right to devise; it is sufficient that it may be exercisable "during life". See, United States v. Spicer (10th Cir. 1964) 332 F.2d 750, 752, note 3; Nettz v. Phillips (D.C.Iowa 1962) 202 F.Supp. 270, 272. But, whether exercisable "during life" or by testamentary gift, the power must include the right to transfer the property absolutely with or without consideration, that is, both the right to sell and to donate, in complete derogation of the rights of the remaindermen; it must represent an "unlimited power to appropriate the property as if she (i. e., the surviving spouse) were the owner." In Re Tarver's Estate (4th Cir. 1958) 255 F.2d 913, 919; Semmes v. Commissioner of Internal Revenue (6th Cir. 1961) 288 F.2d 664, 665; United States v. Lincoln Rochester Trust Company (2d Cir. 1962) 297 F.2d 891, 892–893, cert. den. 369 U.S. 887, 82 S.Ct. 1160, 8 L.Ed.2d 287; Flesher v. United States (D.C.W. Va.1965) 238 F.Supp. 119, 124.[1]

Often the will gives the surviving spouse the unlimited right to invade the

1. This ruling as to qualification for the marital deduction accords substantially with the rule adopted by the South Carolina Court in construing a similar provision in the State estate tax law. See, King v. South Carolina Tax Commission (1970) S.C., 173 S.E.2d 92 (filed March 5, 1970).

corpus at her will or "as she desires" and to use and consume the same for her own comfort. The authorities are divided, whether such power meets the statutory requirements; but this division arises basically out of the diversity of state law in construing such powers.[2] In some states, such a power is regarded as an absolute grant and gives the surviving spouse the right of disposition by gift;[3] in others, the power has been held to deny the right to transfer by way of a gift.[4] In either event, the right to the marital deduction under such powers has been determined by the applicable state law, fixing the surviving spouse's rights under such a testamentary provision.

 The real question thus becomes the power of the widow in this case over the property embraced in Item III under the applicable South Carolina law. In such determination, the intention of the testator, as gleaned from the will taken as a whole and giving effect to all its provisions, controls.[5] Unfortunately, the instant will is sparse of language evidencing any intention of the testator as to the true extent of the widow's power

under Item III of his will or the testamentary purpose of such provision. Clearly, the testator did not intend to give the widow the same estate in his realty as in his personalty. He gave the widow an absolute title in his personalty under Item II, but he fixed her estate over the realty as "for and during her natural life", with remainders over on her death. To that life estate over the realty, however, he added a power in the widow to sell and convey "in her sole discretion" and to "use the proceeds therefrom as she desires"; and it is this added power which the plaintiff contends qualifies the life estate given the widow for the marital deduction under the terms of Section 2056. ·

 The power to sell and convey even "in her sole discretion", gave the widow no right to make a gift of the property.[6] There is no special significance to be given to the use of both "sell" and "convey". They are joined conjunctively, indicating that they are to be taken as integral parts of a completed act; the act of "conveying" is incidental to, and by way of completion of, the act of "selling". The important language is

2. "The question whether a power of invasion is unlimited, or is limited so that the holder of the power cannot make gifts of the property or dispose of it by will contrary to the terms of the instrument creating the power, is one which depends upon state law. See § 3, supra." 90 A.L.R.2d 438.

3. See, for instance, First National Bank of Janesville v. Nelson (D.C.Wis.1964) 233 F.Supp. 860, 863, affirmed 355 F.2d 546 (decided under Wis. law); Dekker v. United States (D.C.Ill.1965) 245 F. Supp. 255, 257 (decided under Illinois law).

4. See, for instance, United States v. First Nat. Trust & Savings Bank (9th Cir. 1964) 335 F.2d 107, 113 (decided under California law); May's Estate v. C.I.R. (2d Cir. 1960) 283 F.2d 853, 856, cert. den. 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed. 2d 202 (decided under New York law); Commissioner of Internal Revenue v. Ellis' Estate (3d Cir. 1958) 252 F.2d 109, 113 (decided under Pennsylvania law).

5. King v. South Carolina Tax Commission (1970) S.C., 173 S.E.2d 92, 93; Rogers

v. Rogers (1952) 221 S.C. 360, 366–368, 70 S.E.2d 637.

6. Duca v. United States (D.C.Md.1964) 236 F.Supp. 747, 750 (decided under Md. law).
 The words "sell and convey" do not include authority to * * * dispose of the property otherwise than by a sale and conveyance, * * *". 41 Am.Juris., p. 812.
 "Power to sell does not include authority to make a gift of the subject matter, or convey it without consideration, and such a transfer is void." 72 C.J.S. Powers § 25d(2), p. 423.
 See, also, to same effect: Osborn v. Morrison (1963) 219 Ga. 169, 132 S.E.2d 58, 60; Bell v. Killian (1957) 266 Ala. 12, 93 So.2d 769, 775; Gould v. Porter (1956) 103 Ohio App. 156, 144 N.E.2d 555, 559, 3 Ohio Op.2d 214; Windscheffel v. Wright (1961) 187 Kan. 678, 360 P.2d 178, 89 A.L.R.2d 636; Tague v. Tague (1957) 248 Iowa 1258, 85 N.W. 2d 22, 27, 28; and Easley v. Little (1924) 314 Ill. 553, 145 N.E. 625.

that which follows and directs the use to be made of the "proceeds" of such sale and conveyance. By this subsequent phraseology, the testator indicated indisputably that any sales and conveyances would result in "proceeds", i. e., for a consideration and not in the nature of a gift.[7] It is, however, this subsequent language granting the power in the widow to "use the proceeds therefrom as she desires" and limiting the remainders over to "any of said real estate which may remain at her death" which poses the problem and on which the plaintiff rests her claim for the marital deduction.

What specifically is the widow's power under this right to "use the proceeds therefrom as she desires"?[8] In construing terms in a will such as those just stated, it has been aptly observed that like words may have different meanings in different wills, dependent upon the intention of the testator as evidenced by the will as a whole. Smith v. Smith (1949) 359 Mo. 44, 220 S.W.2d 10, 12–13. For this reason, each case involving a construction of the provisions of a will must be determined on its own peculiar facts and decided cases may be resorted to only for establishing general rules of construction. Rogers v. Rogers, *supra*, 221 S.C. 360, 371, 70 S. E.2d 637. Without question, the widow in this case has a right to go beyond merely appropriating the income derived from the use of such proceeds; otherwise, there would be no meaning in the testator's subsequent gift over of *only* such real estate as "remain(ed) at her death". But, assuming a right of invasion, the question remains whether such right is so absolute as to permit the widow to dispose of any part of the corpus by a gift *inter vivos* and there the

proper construction of the term "to use * * * as she desires", taken in its context, arises.

Thomason v. Hellams (1958) 233 S.C. 11, 18–19, 103 S.E.2d 324, is cited by the defendant as conclusive that, under a power such as that given the widow in Item III, there is no right to make a gift of the property. In that case, the Court, quoting from and relying upon the annotations in 2 A.L.R. and 69 A.L. R., said:

"'Where a will gives a life estate for the use and benefit of the life tenant, with a power of sale or disposition, and an express remainder over of "what remains," or some equivalent phrase, while the life tenant is entitled thereunder to the possession and control of the property during his life, with power to dispose of the whole or any part of the principal thereof as his necessities may require or his judgment dictate, he cannot dispose of it by gift *inter vivos*.' pp. 1316, 1317.

"'Where a will gives a life estate for the use and benefit of the life tenant, with a power of sale or disposition, and an express remainder over of "what remains," or some equivalent phrase, while the life tenant is entitled thereunder to the possession and control of the property during his life, with power to dispose of the whole or any part of the principal thereof as his necessities may require or his judgment dictate, he cannot waste or extravagantly and recklessly squander the estate.' p. 1325.

"The following is from the supplemental annotation in 69 A.L.R. 825:

"'The rule laid down in the original annotation in 2 A.L.R. 1243 is supported by the later decisions. The

---

7. But, cf., Geyer v. Bookwalter (D.C.Mo. 1961) 193 F.Supp. 57, 61–62, for a different construction based on the Court's determination of testamentary intent.

8. The term "use", standing alone, "does not imply a particularly broad power of disposition". Comer v. Citizens & Southern Nat. Bank (1935) 182 Ga. 1,

185 S.E. 77, 82. Indeed, "standing alone" it gives ordinarily no power to impair the corpus. Mead v. Welch (9th Cir. 1938) 95 F.2d 617, 619; Taylor v. Taylor (1940) 176 Va. 413, 11 S.E.2d 587, 590; West Haven Bank & Trust Co. v. McCoy (1933) 117 Conn. 489, 169 A. 49, 50–52. See, also, In re Estate of Bligh (3d Cir. 1968) 394 F.2d 167, 169.

power to make a gift or devise, or fraudulently to defeat the remaindermen's estate by subterfuge, are the only rights which the life tenant with general powers of disposition is generally denied.' "

■ While recognizing the applicability of the quoted language, the plaintiff asserts that such language represents merely dicta, which is contrary to the general terms of the South Carolina authorities as well as the better reasoned decisions from other jurisdictions. A federal court, it is true, is not bound to follow dicta in determining state law. New England Mut. Life Ins. Co. v. Mitchell (4th Cir. 1941) 118 F.2d 414, 420, cert. den. 314 U.S. 629, 62 S.Ct. 60, 86 L.Ed. 505. Such dicta, however, "carry weight, and may even, in the absence of any conflicting indication of the law of the state, be regarded as conclusive". Lange v. Farmers Federation Cooperative, Inc. (D.C.N.C.1966) 249 F. Supp. 544, 546. This is especially so when the dictum seems to represent the "considered dictum" of the Court. See Priest v. American Smelting & Refining Co. (9th Cir. 1969) 409 F.2d 1229, 1232, note 6; Mooney Aircraft, Inc. v. Donnelly (5th Cir. 1968) 402 F.2d 400, 405; Hartford Acc. & I. Co. v. First Nat. B. & T. Co. of Tulsa, Okl. (10th Cir. 1961) 287 F.2d 69, 73. The statements, quoted from the opinion of Thomason v. Hellams, *supra,* were not "chance" or "offhand" expressions of the Court, but were carefully and extensively developed articulations of the applicable rule, carrying every evidence of the "considered" judgment of the Court and intended as a clear and unequivocal exposition of the South Carolina law. Nor are they at variance with other decisions of the Court. The South Carolina authori-

ties cited by the plaintiff to the contrary are wide of the point. Thus, in Shevlin v. Colony Lutheran Church (1955) 227 S.C. 598, 88 S.E.2d 674, the issue was whether a testamentary provision in favor of the wife similar to that in this case gave the wife a fee-simple title. The Court held it did not, remarking (p. 604, 88 S.E.2d p. 678):

"The fact that a life estate is given to one coupled with the power to consume the corpus does not enlarge such an estate into a fee or absolute estate."

In Rogers v. Rogers, *supra,* 221 S.C., pp. 364, 369, 70 S.E.2d p. 641, the testator bequeathed his personal property to one "absolutely with the right to use * * * as her own during her lifetime." The beneficiary, it was argued, took a fee in such personalty, relying on the rule that, "The word 'absolute', when used in connection with a gift or devise of personal or real property, is ordinarily interpreted as carrying the fee or absolute estate." See Fuller v. Missroon (1891) 35 S.C. 314, 330, 14 S.E. 714. The Court held no fee intended.

Hamrick v. Marion (1935) 176 S.C. 361, 180 S.E. 213, involved a will giving the surviving husband a life estate, with power of "complete control and enjoyment of my estate for his natural life", including power to "sell", "using any part of the principal or corpus of said estate as he may desire." The only issue was the right of the husband to give a mortgage over a part of the devised property. All that was held was that, "The donee of a power of sale which is unlimited and is to be exercised for his own benefit may execute a mortgage under the power." Page 367 of 176 S.C., p. 216 of 180 S.E.[9]

---

9. Somewhat related to the issue, though not cited by either party, is Bank of Charleston v. Dowling, (1898) 52 S.C. 345, 29 S.E. 788. The gift in that case was to a surviving husband, for life with power to appoint by will, the property to be "managed, controlled, exchanged, sold or otherwise disposed of at and by the discretion of the said Elijah H. Dowling, and

without accountability therefor, * * *." The language in this gift is clearly much broader than that in the present will. The addition of the words "or dispose of" after the power to sell, for instance, is regarded by some cases as enlarging the power to sell to embrace that of a gift. See Comer v. Citizens & Southern Nat. Bank, *supra,* p. 82 of 185 S.E. More-

It will be observed that in no one of the cases cited by the plaintiff was the power of the donee to make a gift of the property devised involved.

Nearer the point here and supporting the dicta in the *Thomason Case,* are Blakely v. Blakely (1930) 155 S.C. 123, 137–138, 152 S.E. 24, and Lynch v. Lynch (1931) 161 S.C. 170, 159 S.E. 26, 80 A.L.R. 997. In the first case, the testamentary gift to the surviving spouse of a life estate was *accompanied* with the most extensive powers "according to her best judgment to sell and dispose of any, or all of my property", without accountability to any one, it being the stated "purpose and intention by this paragraph of my will to confer upon my beloved wife full power and authority to do as she pleases with my said estate * * *." In construing such power, which appears more extensive than that in this case, the Court said (pp. 137–138, 152 S.E. p. 29):

"* * * Mrs. Fleming (the widow) was given no personal interest in the estate other than the right of a proper maintenance therefrom in accordance with her own ideas. She did not have authority, in the opinion of the Court, to convert any of the property of the estate of William J. Fleming into her own and thus build up an estate of her own at the expense of the estate of William J. Fleming, and thereby defeat the legacies and other provisions of his Will."

In *Lynch,* the gift was to one for life, with power to "sell and dispose" and to "use the funds derived therefrom, either from rents, sale or mortgage, for the use of himself and my said grandson, or solely for himself, * * *." It was contended that such grant gave the donee a fee-simple title. The Court held to the contrary, putting it that "a grant of a life estate with power of disposition of the property does not enlarge the life es-

tate into a fee." It added, in defining the donee's broad power to "use * * * for himself" the corpus, "this power cannot be exercised at his (the donee's) mere whim, without accountability therefor, but it is expressly limited by the necessity of the primary purpose of the grant, which without doubt was to provide a support for W. S. Lynch during his life. * * * the alleged necessity would have to have some reasonable basis." (pp. 182, 183 of 161 S.C., pp. 31–32 of 159 S.E.)

While there are cases from other jurisdictions that would give a wider scope to the power conferred on the life tenant here, the rule stated in *Thomason* and substantially applied in *Blakely* and *Lynch* is supported by many authorities from other jurisdictions. Thus, in Frederick v. Frederick (Mass.1969) 247 N.E.2d 361, 363, the gift to the surviving husband of the remainder of testatrix's estate was coupled with the power, "to use said remainder in any way he deems desirable". The Court, in construing such power, said:

"The phrase, 'he to use said remainder in any way he deems desirable' does not mean that the husband had an unlimited power to dispose of the property."

In Re Dorgan's Estate (D.C.Iowa 1916) 237 F. 507, 508, the gift was to the wife for life with "full power to use the same without let or hindrance as she may see fit" and with power "to sell and convey". It was held that, "The word 'use' does not signify the broad power of disposal for other purposes than her own" and specifically did not include the power to give the corpus away.

In Re Estate of Gramm (1966) 420 Pa. 510, 218 A.2d 342, 346–347, the gift of a life estate to the wife was complete full authority to sell and convey, without accountability, and to consume if her

over, the gift not merely to sell but, in addition, to "dispose" of the property "without accountability therefor" was held to invest the owner with the power to "give it (the corpus) away if he chooses."

This case should, too, be viewed in its context. It involved a trust artfully drawn for the purpose of defeating creditors and its construction by the Court took that purpose into account.

needs required, the corpus. In construing such gift, the Court said:

> "But a transfer with an intent not to consume for herself, but to preserve for others after her death, and to change the beneficiaries after her from those chosen by her husband to others of her own selection, would be a fraud on the testator and his will."

In McGuire v. Gallagher (1904) 99 Me. 334, 59 A. 445, a gift to a wife for life of certain property "to be used by her according to her desire" was held to give her the right to use the same for her support but no more.

In Re Cobeen's Estate (1955) 270 Wis. 545, 72 N.W.2d 324, 326, the gift was to the wife with a broad right to use the devised property. The Court held that "use" means the right "to the fullest disposition of the property necessary to satisfy her needs or her wishes so long as the proceeds were used by herself or for her for that purpose" but that did not mean that she might give the entire estate "to a church or to some charity or to the furtherance of some 'cause' in which she might become interested. The testator did not intend that the widow might thus defeat his obvious main purposes." [10]

The plaintiff has cited a number of federal decisions sustaining the marital deduction under similar provisions such as those in the Burnett will. It would serve no useful purpose to review such cases in detail. They, as well as the federal authorities to the contrary, were decided under applicable state law. Thus, in Bone v. United States (D.C.Ark.1965) 238 F.Supp. 97, 103–104, the testamentary gift of a life estate to the surviving wife, with power to invade the corpus and consume or use it, was held under Arkansas law to confer a power "to dispose of the property by use, sale or gift." See, to the same effect, Nettz v. Phillips (D.C.Iowa 1962) 202 F.Supp. 270 (decided under Iowa law); Geyer v. Bookwalter (D.C.Mo.1961) 193 F.Supp. 57 (under Missouri law); and Carlson v. Patterson (D.C.Ala.1961) 190 F.Supp. 452. Plaintiff has, also, cited McGehee v. Commissioner of Internal Revenue (5th Cir. 1958) 260 F.2d 818, 824, but the will there was so broad that little doubt of the surviving spouse's power could exist. An equally large number of federal cases, construing the laws of other states, can be cited to the contrary. See, United States v. Lincoln Rochester Trust Company, *supra*, 297 F.2d pp. 892–893; Piatt v. Gray (6th Cir. 1963) 321 F.2d 79, 85; Commissioner of Internal Revenue v. Ellis' Estate, *supra*, 252 F.2d, p. 113; and Betts v. United States (D.C.N.Y.1965) 239 F. Supp. 444, 445.

Finally, however sympathetic we may be to the position of the widow and though the statute granting the deduction should be given "a liberal construction, looking more to substance than to form", (Estate of Kennedy v. United States (D.C.S.C.1969) 302 F. Supp. 343, 344) the conclusion seems inescapable that under Thomason v. Hellams, *supra,* the gift under Item III of the will involved here confers on the widow no power to dispose of the property thereby devised by gift. Without such power, the devise does not meet the requirements for a valid marital deduction under Section 2056.

Judgment will be granted the defendant.

And it is so ordered.

---

10. See, also, Howell v. Alexander (1969) 3 N.C.App. 371, 165 S.E.2d 256, 261–262.