14079

HAMRICK v. MARION ET AL.

(180 S. E., 213)

*Messrs. Hemphill & Hemphill,* for appellants,

*Messrs. Hamilton & Gaston,* for respondent,

June 5, 1935.

The opinion of the Court was delivered by Mr. Justice Baker.

This is an appeal from decree of Hon. H. F. Rice, Circuit Judge, construing the will of Mrs. Clara Dale Pryor Hamrick, and while the exceptions are six in number, the first of which was withdrawn, we adopt the statement of appellants' attorneys that there are in fact but two questions for the consideration of the Court, viz.: (1) Was it the purpose and intent of testatrix to give respondent only a life estate in her property with vested remainder in appellants? and (2) Was it the purpose and intent of testatrix to give respondent such an unlimited power of disposition that he can as he may desire and for his own benefit dispose of the estate at will, or was the power of disposition limited to disposition for the purpose of reinvestment, or upon the arising of some real need or necessity therefor?

The will in question is as follows:

"I, Clara Dale Pryor Hamrick, of the City of Chester, county and State aforesaid, being of sound and disposing mind and memory, hereby make and do publish and declare this to be my Last Will and Testament as follows, to wit:

"First: I will and direct that all my just debts be paid.

"Second: All my estate, real, personal and mixed, whatsoever and wheresoever situate, I hereby will, devise and bequeath to any child or children (share and share alike if there be more than one child) surviving me at my death, to them and their heirs forever. Provided, however, in case said child or children should die before reaching the age of twenty-one years, or without leaving child or children, then it is my will and desire that all of my estate, real, personal and mixed, shall go to my husband, Roswell Edmund Hamrick, for his natural life, and at his death to my sisters and brother, the share or shares of any deceased sisters or brother to go to his, her, or their children surviving them, to them and their heirs forever.

"It is my will and desire that my estate shall be used for the benefit and education of my said child or children in whatever way may be deemed best by my said husband, Roswell Edmund Hamrick, who shall be the guardian of my said child or children, and have complete control and management of said estate. He is hereby authorized and empower to sell any of my estate, real or personal, and make other investments, or use any part of the *corpus* of my said estate for the education, support and maintenance of my said child or children in case he deem it necessary and wise to do so. When, however, my said child or children shall have reached the age of twenty-one years, then he, she, or they shall come into full possession and control of said estate, as above provided.

"Third: In the event I leave no child or children surviving me, then I give and devise all of my estate, real, personal and mixed, unto my beloved husband, Roswell Edmund Hamrick, for his natural life, and at his death said

property to go to my sisters and brother, share and share alike, to them and their heirs forever. In case any sister or brother should die leaving child or children, then said child or children shall take the share of my estate that his or her parent would have taken.

"It is my will, and I so direct, that my said husband, Roswell Edmund Hamrick, shall have complete control and enjoyment of my estate for his natural life. He is not to be hampered or limited in any way in the enjoyment and management of said estate, and he is hereby authorized and empowered to sell any of said estate, real or personal, with power to make deed or deeds of conveyance, and reinvest the proceeds thereof in other property in case he should find it necessary or expedient, with the same limitations as expressed in this will, using any part of the principal or *corpus* of said estate as he may desire. However, it is my will that the whole of my estate remaining at his death shall revert to my own family, my sisters and brother, or their surviving children, upon my said husband's death.

"Fourth: I hereby nominate and appoint my husband, Roswell Edmund Hamrick, as the Executor of this my Last Will and Testament; and in case I should leave child or children surviving me, then it is my desire that he shall be the guardian for said child or children as above provided."

This controversy arose when R. E. Hamrick, the husband of testatrix, and the first recipient of her generosity under the will, undertook to mortgage the real estate of which testatrix died seized and possessed for the purpose, as alleged in the complaint, of paying certain debts of the estate, and for building material which had been or was to be used in permanent improvements to the estate property.

Respondent arranged to borrow the necessary funds from the Federal Land Bank, a portion of which funds were to be used in purchasing a mule with which to farm the lands, a portion to be used in purchasing stock in the Federal Land Bank, and approximately $100.00 to pay abstract and vari-

ous other fees. Before making the loan, said bank required an order of Court authorizing the respondent to execute a mortgage securing the loan. Thereupon, this action was commenced, and the sisters and brother of testatrix, appellants in this Court, were made parties-defendants. The testatrix died without leaving child or children.

Appellants answered, admitting the correctness of the wording of the will, the liability of the estate in the sum of $1,100.00 on account of bank stock in a closed bank, and that it was preferable to borrow by way of mortgage rather than sell any of the real estate on a depressed market, but denied and demanded strict proof of all other allegations of the complaint material to the issues now involved, and further answered that respondent took under the will nothing more than a life estate in the property, real and personal, of testatrix, "and that it was the true purpose and intent of said testatrix, by her aforesaid Will, to leave an estate in remainder to these defendants, to be divided among them share and share alike, the child or children of any of these defendants who might in the meantime have predeceased the plaintiff to take the share *per stirpes* to which his, her or their parent would have been entitled had such parent survived the plaintiff herein." Appellants further alleged "that it was the true intent and purpose of the testatrix, Mrs. Clara Dale Pryor Hamrick, as evidenced by her said ·Will as aforesaid, that the plaintiff, R. E. Hamrick, should enjoy the estate of which she died, seized and possessed for and the natural life of him, the said R. E. Hamrick, unhampered and unlimited in the management and enjoyment thereof, but that it was not the purpose and intent of said testatrix that her estate should be wasted and dissipated and that it was certainly not the purpose and intent of the testatrix that the *corpus* of said estate or any part thereof should be in any wise disposed of, by plaintiff, unless there was some real necessity therefor."

The prayer of appellant's answer is as follows:

"1. That plaintiff has nothing more than a life Estate in the property, real and personal, of which the said Clara Dale Pryor Hamrick died, seized and possessed, and that the Estate in remainder is vested in these defendants, or in the children of such of them as may predecease plaintiff.

"2. That this court do carefully inquire into the need and necessity of the Estate to borrow money, and that it do authorize and permit the giving of no other or further obligation or obligations or securities therefor than is necessary, needful and proper to preserve and protect the *corpus* of said Estate.

"3. That the plaintiff be required to account and report to this Court the true status of said Estate, and that in said report he be required to advise the court and these defendants of the present status of all property, real and personal, which came into his hands as Executor, and which are itemized and referred to in the Warrant of Appraisement on file in the Probate Court as aforesaid.

"4. For such other and further relief as may be equitable and just."

We quote with approval from the decree of the able ██ and learned Circuit Judge before whom the case was heard:

"I am convinced, after reading the entire will to determine the true intent and meaning of the testatrix, that she has left her property to her husband, the plaintiff herein, for life, and that the life estate given him is by the terms of the will coupled with a power of disposition for his own use as he may desire, with whatever of the estate not disposed of under the power, but remaining at the death of the life tenant, to her brother and sisters or their surviving children. The life tenant is given a power of sale which is unlimited and which is to be exercised for his own benefit, and he may therefore execute a mortgage or mortgages under the power thereby conveying the fee to the property of the estate. The testatrix clearly intended that her husband should

use any of the principal or *corpus* of the said estate for his own benefit if he so desires. She anticipated that some of the estate would be used under this power. She provided by her will that the whole of her estate remaining at his death shall revert to her own family. If the life tenant should sell the property of the estate or any part thereof and repurchase other property with the proceeds of the sale or a part thereof, the repurchased property would be charged with the same limitations provided for in the will. However, as he is given the right of 'using any part of the principal or *corpus* of said estate as he may desire,' he may do so without accounting to any one for the uses which he may make thereof. The estate in remainder therefore is subject to defeasance by the exercise of the power and use granted the life tenant. If he fail to exercise the powers granted, the estate remaining at his death would pass under the will to the sisters and brother of the testatrix or their surviving children.

"Practically this same estate was created in the case of *Blakely v. Blakely,* 155 S. C., 123, 152 S. E., 24. Also a similar estate was created by deed construed in the case of *Lynch v. Lynch,* 161 S. C., 170, 159 S. E., 26, 80 A. L. R., 997.

"The donee of a power of sale which is unlimited and is to be exercised for his own benefit may execute a mortgage under the power. 21 R. C. L., 78. Practically the same will, to wit, 'I give, devise, and bequeath to my beloved wife Mehitable Kent all the estate, both real and personal, that I die seized and possessed of, giving her full power to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort and otherwise as she may think proper. After the decease of my said wife all the remains of my estate, not specifically disposed of by her, is to be used for the benefit of my two sons Joshua Kent and Oscar F. Kent, their heirs and assigns, and my request is that some suitable person may be appointed trustee to receive and take charge of said estate which is to be used for their

benefit as said trustee may think proper,' is found in the case of *Kent v. Morrison,* 153 Mass., 137, 26 N. E., 427, 10 L. R. A., 756, 25 Am. St. Rep., 616. This will was construed to grant a power to mortgage as well as deed the property. The court said: 'It is an absolute and unrestricted power to sell for the benefit and in the discretion of the devisee of the power, and we think that this includes a power to mortgage.'

"Wherefore, it is ordered, adjudged, decreed, and declared that the will of Mrs. Clara Dale Pryor Hamrick gives all of the estate and property, both real and personal, of which she died seized and possessed unto her husband, R. E. Hamrick, for life, with power of disposition by deed or mortgage and power to convey the fees thereof by deed or mortgage and to use any of the principal or *corpus* of the said estate or the proceeds from the said disposition thereof as he may desire and for his own benefit if he so desire. Therefore, the said R. E. Hamrick is authorized and empowered by said will to execute a mortgage or mortgages to the Federal Land Bank and the land bank commissioners for amounts aggregating $3,300.00 and to convey thereby the fee in the property described in the complaint of which the said Mrs. Clara Dale Pryor Hamrick died seized and possessed.

"If the said R. E. Hamrick shall fail to exercise the power granted, the estate remaining at his death shall pass, under the will, to the defendants, as the sisters and brother of the testatrix, or their surviving children.

"Having placed this construction upon the will, I do not deem it necessary to pass upon the other issues raised by the pleadings. As R. E. Hamrick has the right to use the proceeds from the disposition of the property under the power given him as he may desire and for his own benefit if he so desire, it is not necessary to determine whether the uses to which he alleges the proceeds are to be put are necessary for the preservation and protection of the estate."

This Court being satisfied with the conclusion reached by the Circuit Judge, the exceptions of appellants are over-ruled, and so much of the decree as is above quoted is adopted as the opinion of this Court. The decree appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.