20272

Ned S. HAYS and Margaret S. Denzler, Appellants, v. George C. ADAIR, et al., Respondents.

(227 S. E. (2d) 665)

*Messrs. Thomas A. Babb,* of Laurens, and *James L. Edwards,* of Clinton, *for Appellants,*

*Messrs. J. S. Flynn* and *Bruce W. White,* of Union, *David D. Armstrong,* of Greenville, and *John M. Rollins,* of Greer, *for Respondents,*

■

August 17, 1976.

GREGORY, Justice:

Appellants, co-executors and sole legatees and devisees of the will of Pearl H. Stone, deceased, commenced this action for an accounting of the estate of Chaney W. Stone, deceased, whereby they sought to withdraw all accumulated, unexhausted income from the life estate left to Pearl H. Stone by the will of her husband, Chaney W. Stone. Respondents, legatees under the will of Chaney W. Stone and Administrators D.B.N.C.T.A., in their Answer and Counterclaim denied appellants' claim to the income and sought to have any assets in the estate of Chaney W. Stone that were in the hands of the appellants turned over to respondents.

Respondents moved for summary judgment based on the pleadings and Mr. Stone's will. No opposing affidavits were filed. The court granted summary judgment in favor of respondents, thus, denying the legatees of Pearl H. Stone the accumulated income generated by Mr. Stone's estate unexhausted by Mrs. Stone during her lifetime. This appeal followed. We reverse.

The single issue is whether Mr. Stone intended by his will to bequeath his wife an absolute life estate or a restricted life estate. If he bequeathed an absolute life estate 'the lower court should be reversed as *all* income generated by the *corpu*s of the husband's estate would belong to the wife with portions thereof which she did not use during her lifetime becoming a part of her estate and passing by her will. If he bequeathed his wife a restricted life estate, we must affirm the lower court as only income which she actually consumed belonged to her with accumulated, un-

exhausted income remaining as part of his estate and passing by his will.

Mr. Stone provided in Item 5 of his will as follows:

"I do give, bequeath and devise all the rest and residue of my property, both real and personal of every kind to my wife, Pearl Hays Stone, for the term of her life, she to have the use and full custody and control of same and all income therefrom during her lifetime for her comfortable support and enjoyment and also to have during her lifetime the right and privilege of disposing of any part or parts of the *corpus* of my estate, both real and personal, as may be desired by her for her comfortable support and enjoyment and I do give her full power and authority to use her discretion in this respect."

Mrs. Stone was appointed as executrix of her husband's will. She was also empowered in Item 12 of the will to sell any and all of the estate property "real and personal, wheresoever located, at such time and on such terms as she may deem advisable" in order that the properties not be sacrificed in final settlement.

It is also pertinent that the residuary of the estate was directed to be distributed in accordance with the laws of Descent and Distribution of Intestate Estates of South Carolina.

In construction of a will, the primary purpose of the court is to arrive at the testator's intention as expressed in his will considered as a whole. *Green v. Green*, 210 S. C. 391, 42 S. E. (2d) 884 (1947). In determination of the intent to bequeath an absolute life estate with its concomitant right to all unexpended income, we find that consideration of the following factors salient. First, the testator apparently considered income and principal separately, rather than treating the estate as a unit, as he speaks of devising the residue of his property, real and personal "and all income therefrom" to his wife. The

wife was not directed to use the estate as a unit, rather she was first given the income and then the right to invade *corpus*. Thus, the wife's comfort and happiness and not the unity of his estate which eventually was to be distributed in accordance with the Statute of Descent and Distribution seems to have been the testator's primary concern. See *Langdell v. Dodge,* 100 N. H. 118, 122 A. (2d) 529 (1956).

Second, there seems to be an intention to give the wife complete and unassailable possession and control of his property while she lived. In Item 5 he gives her the residue of his property, she to have "the use and full custody and control of the same." He further gives her the "privilege of disposing of any part . . . of *corpus* . . . both real and personal, as may be desired for her comfortable support and enjoyment" with full authority to use her discretion in this respect. In Item 12 he gives her the power to sell his property to prevent sacrifice during settlement of his estate without posting bond or getting the court's permission.

Third, there is nothing to indicate that the testator intended to accumulate income.

Fourth, we must presume where the wife is the primary specified beneficiary, that it is unlikely that the husband-testator would desire to burden his wife with the accounting for income which a limited life estate would entail. As pointed out in *Langdell v. Dodge, supra,* [p]roblems of this nature might have been vexing and worrisome as to have militated against her enjoyment of the property. It is presumed that the testator intended to make a practical disposition of his estate so that his wife could manage it with a minimum of trouble and did not intend a situation which could cause her worry and harassment."

Fifth, the testator clearly gave his wife "all income" from his estate during her lifetime. Under South Carolina law if a gift is made in one clause of a

will in clear and unequivocal terms, it will not be enlarged or cut down or qualified by words of doubtful import found in a subsequent clause. *King v. South Carolina Tax Commission*, 253 S. C. 646, 173 S. E. (2d) 92 (1970).

The grant of "custody and control of the same" in Item 5 refers to the residue of real and personal property as opposed to "income" in the next phrase. Custody and control connote less than ownership, so that by inference the grant of "all income" without such qualification seems to be an outright gift of the income with the words "for her comfortable support and enjoyment" expressive of motive rather than limitation. Further, the wife was given total unaccountability in invading *corpus* "as may be desired for her comfortable support and enjoyment." Any doubt as to "support and enjoyment" being expressive of limitation rather than motive are clearly resolved in favor of their use in describing motive by the unlimited discretion the wife is given to invade *corpus*. It would be senseless to intend "support and enjoyment" as a limitation on the power to invade *corpus*, then immediately follow the limitation with a grant of power vitiating the limitation. A proper construction seeks to harmonize the various provisions and a construction which gives meaning to all should be preferred over one which renders some provisions meaningless. "Support and enjoyment" construed as words describing the testator's motive is in complete harmony with the full discretionary right to invade *corpus* given to the wife.

We think it unbelievable that Mr. Stone intended for his wife to control and manage his estate for the benefit of his collaterals while she was limited to support with all else added to *corpus* and kept for his relatives. The repeated use of "comfortable" to describe support and the use of "enjoyment" indicate that her welfare, happiness, and comfort were uppermost on the testator's mind in writing his will.

We think the words "for her comfortable support and enjoyment" were precatory and that the wife was entitled to the income without restriction. 51 Am. Jur. (2d), Life Tenants and Remaindermen, § 107 through 108. Page on Wills, § 39.16, page 90; 118 A. L. R. 339.

We find that all accumulated, unexhausted income becomes a part of the widow's estate and goes to her heirs, not to the remaindermen.

Respondents raise a question as to the form of appellant's exceptions, both of which are based on "the pleadings and briefs." As respondents point out, trial briefs do not constitute a part of the record before the court and thus no exception can be properly based upon them. Because we feel the reference in the exceptions to the briefs was inadvertent, we have deleted the faulty reference and considered the important issue thus properly raised in the second exception.

We do not pass on appellants' first exception as the foregoing disposes of the case.

Reversed and remanded to the lower court for further proceedings consistent with this opinion.

LEWIS, C. J., and NESS and RHODES, JJ., concur.

LITTLEJOHN, A. J., dissents.

LITTLEJOHN, Justice (dissenting):

Being of the opinion that the order of the lower court properly carries out the intent of the testator, I respectfully dissent and would affirm.

I am in accord with the circuit judge and would adopt the reasoning of his order, from which I quote extensively as follows:

"It is clear from the above-quoted paragraph [Item 5 quoted in majority opinion] of Mr. Stone's Will that Mrs. Stone had the right to the use of income during her lifetime; but it is equally clear, from the unambiguous language of

the very same sentence in the Will by which the right was given her, that she was limited to such use of income 'for her comfortable support and enjoyment', during her lifetime; and it is also clear from the language of that same sentence, that her right to dispose of corpus was likewise confined to the limited purposes of her comfortable support and enjoyment, with the privilege of determining in her discretion what she desired to use for her comfortable support and enjoyment during her lifetime.

"Therefore, there were two limitations on her right to the use of income and to her right to dispose of corpus under the terms of the Will, namely: (a) any use or disposition by her must have been made for the limited purposes of her comfortable support and enjoyment, which was a personal use limited to her and to her only; and (b) the use of income or the disposition of corpus must have been made by her for her comfortable support and enjoyment during her lifetime or while she lived. That this was the intention of the testator clearly appears from Item 8 of the Will which reads as follows:

'Eighth: After payment of my debts and funeral expenses, and the special legacies, bequests and devises hereinabove provided, and after the death of my said wife, Pearl Hays Stone, I do give, devise and bequeath all the rest and residue of my property and estate then remaining, *of whatsoever kind or nature the same may be,* to my heirs at law and next of kin under the Statute of Distribution of the State of South Carolina, it being my will that said rest and residue of my property and estate shall be distributed in accordance with the laws of Descent and Distribution of Intestate Estates in force in the State of South Carolina at the time of my death.'

(Emphasis added.)

"If Mrs. Stone or her estate could now dispose of any part of the income or corpus of Mr. Stone's estate, which she had not used for the limited purposes above mentioned

during her lifetime, it could completely destroy or vitiate the above-quoted Item 8 and thereby render that item totally ineffective and of no benefit to the testator's heirs, to whom, there can be no doubt, he intended to give, after the death of Mrs. Stone (and after payment of the specific legacies as specified in Items 4 and 6 of the Will), 'all the rest and residue of my property and estate then remaining, of whatsoever kind or nature the same may be', which expression of necessity includes corpus and accumulated income, if any, which may not have been used by Mrs. Stone for the limited purposes of her comfortable support and enjoyment during her lifetime as specified in the Will.

"Item 12 of the Will further supports this conclusion. That item reads in part as follows:

'It is not my desire that my properties be sacrificed in order that a final settlement of my estate be made. My executrix is empowered to sell any and all of my property, real and personal, wheresoever located, at such time and on such terms as she may deem advisable. I *desire, however, and recommend that in so far as may be practicable my property to be divided in kind amongst my legatees and devises named in my will according to the interests and amounts devised and bequeathed unto them respectively.'* (Emphasis added.)

"It must be remembered that this is not a case of a straight life estate with no restrictions on the use of income. It is a situation where the life tenant was empowered to manage the corpus and use only so much of the income earned as well as only so much of the corpus as was necessary to provide her with comfortable support and enjoyment during her lifetime. But at her death all the remainder of the estate, including both corpus and income not consumed by her for the limited purposes to which she was restricted by Mr. Stone's Will, went over to his heirs under Item 8 of the Will above quoted.

"Mrs. Stone was given the right to use either corpus or income, or both, for her comfortable support and enjoyment; but until she chose to withdraw any funds or other assets for either of those limited purposes, such funds and assets remained a part of Mr. Stone's estate and her rights therein never became vested in her so as to pass under her Will."

In reaching his conclusion, the trial judge properly relied upon the following authorities and quoted from the same at length: *Hamrick v. Marion,* 176 S. C. 361, 180 S. E. 213; *Blakely v. Blakely,* 155 S. C. 123, 152 S. E. 24, 47 A. L. R. (3d) 1082, 31 C. J. S. Estates § 41(6); and 51 Am. Jur. (2d), Life Tenants and Remandermen, § § 57, 106, 107 and 108.

I would remand the case to the lower court for the purpose of carrying out the order of the circuit judge.