### 0022

W. E. BYNUM, Jr., individually and as Co-Executor and Co-Trustee of the Estate of W. E. Bynum, Respondent-Appellant, v. May Clarke Bynum SHARPE, Henry Clarke Bynum, Alvis J. Bynum and the National Bank of South Carolina as Co-Executor and Co-Trustee of the Estate of W. E. Bynum, of whom The National Bank of South Carolina is a Respondent, and May Clarke Bynum Sharpe, Henry Clarke Bynum and Alvis J. Bynum are Appellants-Respondents.

(310 S. E. (2d) 662)

Court of Appeals

*Weinberg, Brown & McDougall*, Sumter, and *Boyd, Knowlton, Tate & Finlay*, Columbia, *for appellants-respondents.*

*Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for respondent-appellant.*

*Schwartz & DuRant*, Sumter, *for respondent.*

Dec. 12, 1983.

_ GARDNER, Judge:

This is a cross-appeal, we affirm in part and reverse in part.

Involved here are questions pertaining to the distribution of estate assets. W. E. Bynum, Sr. died testate in 1975, leaving his wife, Esther, and his four children, W. E. Bynum, Jr., May Clarke Bynum Sharpe, Henry Clarke Bynum and Alvis J. Bynum as the main beneficiaries of his estate. After certain lifetime bequests of monthly income to relatives and certain charitable bequests, he devised the bulk of his estate by the will's residuary clause as follows:

> "All the rest, and the residue of my estate, both real, personal and mixed, wheresoever situate, I give, devise and bequeath to my oldest son, William E. Bynum, Jr. and to the National Bank of South Carolina, of Sumter, as Trustees, IN TRUST to collect the income therefrom and to pay over to my said wife, Esther C. Bynum, semi-annually or more often, for and during the term of her natural life the income from said trust, and upon and after her death, the trustees shall distribute the same in equal shares to my beloved children in fee simple, the child or children of a predeceased child to take the share the parent would have taken if living. In the distribution of my estate, I desire that my son, William E. Bynum, Jr., if he shall so elect, shall have set off to him the stock owned by me at my death in the W. E. Bynum Company, at a fair market valuation. If he shall elect to have a sufficient amount of said stock set off to him to give him a majority interest in said corporation, he shall have this right, at a fair market value of said stock based on equitable principles between him and his sister and brothers."

The wife and children in 1976 for tax purposes disclaimed their interest under the will, but the I.R.S. insisted and did tax the estate without benefit of a spouse's exemption (a life estate doesn't qualify). There after in 1977 the children effectively by Court Order withdrew their disclaimer. The widow, having not withdrawn her disclaimer, now, of her own choice, has no interest in the estate.

Among the assets of the estate are six hundred shares of a family corporation, the W. E. Bynum & Company, Inc. The balance of the stock is owned by the children equally, each owning one hundred shares. The genesis of this litigation is dispute about the evaluation and purchase of this stock.

Bynum, Jr. brought this action against his sister and two brothers; he has elected to have set off to him so much of the company stock as amounts to one-fourth of the total estate assets and asserts the right under the will to purchase the remaining outstanding shares of the company.

After several hearings, the learned and esteemed trial judge issued an order on the 5th of September, 1980, from which Bynum, Jr. and the other Bynum children appealed. Numerous issues were before the trial court. We concur in all conclusions reached by the trial judge except three. We therefore affirm in part and reverse in so far as it was held: (1) that the evaluation of the estate assets for purposes of distribution be pegged as of July, 1978; (2) that a deduction for anticipated capital gain taxes be allowed Bynum, Jr. in the purchase of the company stock and; (3) that under the will Bynum, Jr. has the option to purchase, after exercising his right of set-off, the remaining company stock.

In answering these questions the intent of the testator is controlling if from the will answers can be gleaned.

> The cardinal rule in the construction of any will is to determine the intent of the testator as gleaned from the entire written instrument. *Echols v. Graham*, 256 S. C. 202, 182 S. E. (2d) 69 (1971). *Hays v. Adair*, 267 S. C. 291, 227 S. E. (2d) 665 (1976).

> In this case the testator obviously intended a delay in the distribution. The will provided a life estate for the widow and directed the trustees (so termed rather than executors) to pay her the income for life and at her death directed distribution. Having disclaimed her interest, the widow forfeited the life estate. The devisees have since disputed the time for evaluating the stock of the company, thus delaying distribution of the estate assets by this litigation. Bynum, Jr. has insisted that the evaluation be back-dated to 1975 when the stock was first appraised in the administration of the estate and that when purchased credit be given him for anticipated capital gains tax.

This delay, brought about by Bynum, Jr. was not envisioned by the testator and the will gives no hint of the intent or desire of the testator in resolving the situation presented in this court.

We hold that the assets making up the residuary estate of W. E. Bynum, including the six hundred shares in the company, must be valued as of a date which is reasonably contemporaneous with the date such assets are distributed. This is consistent with the general law of the land. *See King v. C & S National Bank*, 119 So. (2D) 67 (Fla. App. 1960); *In re Kantner*, 50 N. J. Super. 582, 143 A. (2d) 243 (1958); *In re Umpleby's Will*, 43 Misc. (2d) 932, 252 N. Y. S. (2d) 674 (1964); *In re Estate of Nickelsburg*, 32 Misc. (2d) 82, 224 N. Y. S. (2d) 90 (1961); *In re Ohsman's Estate*, 14 Misc. (2d) 1063, 180 N. Y. S. (2d) 367 (1958); *In re Estate of Simpson*, 32 N. J. Super. 85, 107 A. (2d) 827 (1954). The time-of-distribution rule has also been codified in the Uniform Probate Code, which has been adopted in fourteen states. Uniform Probate Code § 3-906, 8 U. L. A. 470. Assets are valued "not more than 30 days prior to the date of distribution". ID. § 3-906(a)(3).

The appealed order is reversed in so far as it held that the value of the company stock be reduced for anticipated capital gains taxes. The will directs that the estate be divided in equal shares on equitable principles. The effect of the appealed order is to allow Bynum, Jr. to receive a larger share of the estate by lowering the stock's market value. This is not equitable. The will provides that the price be at a "fair market value". Under the situation presented by this case, the intention of the testator that a "fair market value" be paid by Bynum, Jr. for the stock would be frustrated by a reduction of the price of the stock for anticipated capital gains taxes.

We reject the argument of appellants-respondents that the testator intended that if Bynum, Jr. took majority of the corporation's stock, he should pay a premium for the control of the corporation. This argument, too, is inconsonant with the words "fair market value", which we hold is used in the context of the fair market value of all the stock and other estate assets. The testator provided that the estate be divided equally, thus precluding a premium charge.

Under the will, Bynum, Jr. has the right to have set off to him so much of the company stock as could be purchased by one-fourth of the total assets of the estate. As it developed, the value of one-fourth of the total assets of the estate is less than the value of fifty-one percent of the company stock. We hold that, under these circumstances, the will only affords the option to Bynum, Jr. of purchasing so much stock as equals the difference in the amount set off to him under the will and fifty-one percent of the company stock. The trial judge erred in holding that Bynum, Jr., under the circumstances and issues presented by the pleadings, has the option to purchase all of the remaining stock.

Although reversing the appealed order in so far as the questions above decided, the order is affirmed as to the other issues presented by this appeal. We now specifically, but briefly, address these.

Attorney's fees against Bynum, Jr. were sought by the other children in connection with the lifting of an interlocutory injunction against the declaration of dividends and directors' fees. The trial judge denied this relief. Counsel for appellants-respondents on oral argument all but conceded their appeal on this question. We affirm the ruling denying the attorney's fees sought.

We affirm the decree in so far as it held that certain dividends and directors' fees were reasonable and proper. The board is composed of all the Bynum children. In 1978 substantial directors' fees and dividends were declared. The appealed order, based on the evidence, held that the dividends and directors' fees as approved by the board were reasonable and proper and within the exercise of the board's business judgment and not the result of bad faith or bad business judgment.

We find that the above ruling is supported by the greater weight of the evidence; under our scope of review, the finding cannot be disturbed. *Townes v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We reverse with direction that the estate be administered in accordance with this decision, noting that a reappraisal must be made prior to distribution.

Affirmed in part and reversed in part.

SANDERS, C. J., and BELL, J., concur.