613 S.E.2d 533

**John GADSON and Julia Gadson as personal representatives of the Estate of James Gadson, et al., Appellants,**

v.

**J. Gregory HEMBREE as successor in interest to Ralph Wilson, Solicitor for the Fifteenth Judicial Circuit, ex officio on behalf of the Georgetown County Sheriff's Office and the Georgetown Police Department, Respondents.**

No. 25980.

Supreme Court of South Carolina.

Heard March 16, 2005.
Decided May 9, 2005.
Rehearing Denied June 15, 2005.

Michael S. Church, of Turner, Padget, Graham & Laney, P.A., and Larry C. Smith, both of Columbia, for Appellants.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General T. Stephen Lynch, Assistant Deputy Attorney General J. Emory Smith, Jr., all of Columbia, and Lisa Marie Hatley, of Conway, for Respondents.

Justice BURNETT.

This is an action seeking return of property pursuant to the innocent owner provision of S.C.Code Ann. § 44–53–586 (2002). The trial court granted Respondents' motion for dismissal and summary judgment. This Court certified the case from the Court of Appeals pursuant to Rule 204(b), SCACR. We affirm as modified.

## FACTUAL/PROCEDURAL BACKGROUND

James Gadson owned a lot and building in the City of Georgetown. He leased the building to Harriet Ann Singleton Evans. Evans operated the Winyah Grill, a bar and lounge, on the premises.[1] Ronald Lee McCants, an employee of Evans was arrested for distribution of crack cocaine inside Gadson's building.[2]

On May 4, 1993, Judge Shuler signed a seizure warrant authorizing the solicitor, on behalf of the Georgetown County Sheriff's Office and Georgetown City Police Department, to seize the property due to violations of the drug code. Judge Shuler also signed a notice of seizure on May 4, 1993.

On May 13, 1993, the State Law Enforcement Division (SLED) inspected the building and found numerous structural and electrical defects and also determined the fire exits were wholly inadequate. On May 17, 1993, the Resident Fire Marshal and Mayor of Georgetown signed a "notice of unsafe building." The notice provided that if remedial work was not completed by June 30, 1993, to correct the building, structural,

---

1. The bar is also referred to by other names such as "Shabazz," "The Elks Club," "Shabazz Grill," and "Shabazz Bar and Lounge."

2. Between December 1992 and February 1993, undercover officers purchased controlled substances on at least twenty-six occasions. Between 1984 and 1993, the City's Police Department has responded to over 180 crime calls at this location.

and fire code deficiencies, the City of Georgetown would demolish the property.

Also on May 17, 1993, the special prosecutor filed a lis pendens giving notice of the forfeiture action based on the controlled substances violations. City Council revoked Evans' business license on May 24, 1993, due to the controlled substances sales, as well as, building and fire code violations.

In July 1993, the City of Georgetown demolished the building after Gadson failed to take corrective actions to resolve the building defects. On November 2, 1993, the City filed a demolition lien on the property in the amount of $16,292.50.

By motion dated April 28, 1994, Gadson requested the circuit court "restore" the property to him pursuant to the innocent owner provision of the forfeiture statute. *See* 44–53–586(b)(1) (2002). On May 20, 1994, Judge Sydney Floyd denied Gadson relief on his motions.

On December 7, 1994, Gadson filed a suit in federal court. On May 3, 1996, Judge Norton signed an order effecting the parties' agreement to voluntarily dismiss the federal suit. The parties agreed Gadson could re-file the federal action prior to the close of the 1996 calendar year. Gadson failed to re-file the federal lawsuit by December 31, 1996.

In late 1996, Gadson died. On June 20, 1997, the probate court appointed the personal representatives of Gadson's estate. On January 28, 1998, Gadson's estate filed a complaint seeking a declaratory judgment dissolving the seizure warrant and lien. On May 5, 1999, the circuit court dismissed the complaint because there was a prior pending action (this action) which provided Gadson's estate the exclusive remedy. The order allowed Gadson's estate to proceed with the April 1994 state court lawsuit.

On October 21, 2003, Appellants filed a motion for summary judgment requesting the seizure warrant and lis pendens placed on the property be dissolved and vacated. Appellants also allege they are entitled to the return of property still in possession of the Respondents, and recovery of the value of property demolished. The circuit court granted the Respondents' motion for dismissal and summary judgment, concluding (1) Appellants failed to state a claim against the solicitor;

(2) there is no genuine issue of material fact regarding Appellants' entitlement to damages under the forfeiture statute; and (3) Appellants have failed to state a claim for attorney's fees. This appeal followed.

## ISSUE

Did the circuit court err in granting Respondents' motion for summary judgment?

## STANDARD OF REVIEW

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Café Assocs., Ltd. v. Gerngross*, 305 S.C. 6, 406 S.E.2d 162 (1991). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Middleborough Horizontal Property Regime Council of Co-Owners v. Montedison*, 320 S.C. 470, 465 S.E.2d 765 (Ct.App.1995). Further, summary judgment should not be granted even when there is no dispute as to the evidentiary facts, if there is a dispute as to the conclusion to be drawn therefrom. *MacFarlane v. Manly*, 274 S.C. 392, 264 S.E.2d 838 (1980). An appellate court reviews the granting of summary judgment under the same standard applied by the trial court. *George v. Fabri*, 345 S.C. 440, 548 S.E.2d 868 (2001).

## LAW/ANALYSIS

Appellants argue the Georgetown City Police Department and the Georgetown County Sheriff's Office, acting through the Solicitor for the Fifteenth Judicial Circuit (hereinafter referred to as the "seizing agency"), had a duty to maintain the seized property after Judge Shuler signed the seizure warrant on May 4, 1993, authorizing the solicitor to seize the property due to controlled substances violations. Therefore, according to Appellants, the seizing agency violated its duty to take reasonable steps to maintain the property when the City of Georgetown demolished the property. Furthermore, Appellants contend they could not be expected to defend against the demolition of the property because the seizing agency

exercised control over the property once the seizure warrant was issued.

■ Initially, we agree with Appellants that a seizing agency has a duty to take reasonable steps to maintain property once a warrant is issued for seizure of the property. Section 44–53–520(i) (2002) provides:

> **Law enforcement agencies seizing property** [that is subject to forfeiture under this section] **shall take reasonable steps to maintain the property.** Equipment and conveyances seized must be removed to an appropriate place for storage. Any monies seized must be deposited in an interest bearing account pending final disposition by the court unless the seizing agency determines the monies to be of an evidential nature and provides for security in another manner.

(emphasis added).

■ The plain language of Section 44–53–520(i) unequivocally provides that agencies *seizing* property have an obligation to take reasonable steps to maintain the property. The circuit court held the duty to take reasonable steps to maintain the property did not arise in this case because a forfeiture action was never initiated under Section 44–53–530(a) (2002). We disagree.

S.C.Code Ann. 44–53–530(a) provides that forfeiture of the property is "accomplished by petition of the Attorney General or his designee or the circuit solicitor or his designee to the court of common pleas for the jurisdiction where the items were seized." However, a seizing agency may seize property until lawful disposition of the property is ordered and the property is declared forfeited by petition. Section 44–53–520(b) provides, in part, that property subject to forfeiture may be seized by the department having authority upon warrant issued by any court having jurisdiction over the property. Such warrant was issued in this case. A forfeiture action, however, was never initiated under Section 44–53–530(a).

The seizing agency's duty to take reasonable steps to maintain the property arises upon seizure pursuant to Section 44–53–520(b) and before forfeiture of the property is formally

accomplished by petition pursuant to S.C.Code Ann. § 44–53–530(a).

■ Although, the seizing agency has a duty to take reasonable steps to maintain the property upon issuance of a seizure warrant, the seizing agency in this case did not violate its duty under the facts of this case. We decline to impose a duty on a seizing agency to commence legal action in an effort to protect property subject to a seizure warrant against a wholly independent legal process initiated by the City of Georgetown. The Georgetown City Police Department and the Georgetown County Sheriff's Office, acting through the Solicitor for the Fifteenth Judicial Circuit, as the lawful seizing agency, did not violate the duty to take reasonable steps to maintain the property because the City of Georgetown acted under lawful process in condemning the property based on independent violations of existing building and fire code standards. Forfeiture and condemnation proceedings are competing legal processes and, as such, the seizing agency acting pursuant to its forfeiture authority has no duty to defend against city's process.

Recognizing that legal actions of forfeiture and condemnation are distinct, we conclude any defenses Appellants may have asserted were against the City of Georgetown for the *condemnation* of the building. Therefore, the circuit court properly granted Respondents' motion for summary judgment because there is no genuine issue of material fact the seizing agency violated its duty to take reasonable steps to maintain the property. Finally, our resolution of this issue is dispositive and we need not address Appellants' remaining issues regarding whether the City of Georgetown was an indispensable party in this action, what remedies Appellants would be entitled to under the forfeiture statute, and Appellants' request for attorney's fees. *Whiteside v. Cherokee County School Dist. No. One*, 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate court need not address remaining issue when resolution of prior issue is dispositive).

**AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justice MARC H. WESTBROOK, concur.