THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Premier Resorts International, Inc., Appellant,
v.
Sands Resorts Holdings, LLC., Respondent.
 
 
 

Appeal From Horry County
 John  L.  Breeden, Circuit Court Judge

Unpublished Opinion No. 2006-UP-261
Submitted April 1, 2006  Filed May 24, 2006   

AFFIRMED

 
 
 
J. Jackson Thomas, of Myrtle Beach, for Appellant.
Mark McAdams and Amanda A. Bailey, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Premier Resorts International, Inc., appeals a grant of summary judgment to Sands Resorts Holdings, LLC, arguing the trial court erred in holding a contractual provision precluded its recovery of damages for lost revenues or profits.  We affirm. 
FACTS
Premier is a resort condominium management company.  Premier entered into an agreement (the Agreement) with Sands in which Premier agreed to manage Sands condominium operations in Myrtle Beach.  The Agreement provided for monthly compensation from Sands to Premier in exchange for management services rendered by Premier.  The Agreement also contained the following provisions, which are germane to the current appeal:

3.       Term. The term of this Agreement shall commence on May 1, 2002 and shall continue until December 31, 2007.  Thereafter, this Agreement shall renew annually subject to termination by [Sands] or [Premier] upon notice delivered prior to November 1 of each year.
. . . .
10.     No Special Damages.  Notwithstanding any other provision hereof, neither party shall be liable for any indirect, incidental, special, consequential, exemplary, or punitive damages (including but not limited to damages for lost profits, lost revenues, or the cost of purchasing replacement services) arising out of the performance or failure to perform under this Agreement.
. . . .
19.     Termination.
. . . .
[(2)] (d) Budget Shortfall. Either party hereto may terminate this Agreement upon thirty (30) days written notice if [certain contractual budgetary and revenue-related goals] for Resort Operations [are not met] . . . .
(3) Compensation.  Within sixty (60) days after termination as provided herein, [Sands] shall pay to [Premier] the management fees prorated as of the termination date and its reimbursable expenses.  Upon such termination and payment, neither party shall have any obligation to the other for future performance under the Agreement, except that each party shall remain liable to the other with respect to performance due or owed under this Agreement . . . .

The parties agree that Sands terminated the Agreement in January 2003.  The parties disagree, however, about whether Sands termination was wrongful or in compliance with paragraph 19(2)(d) of the Agreement.  As a result, Premier filed a complaint against Sands for breach of the Agreement.  Premier sought two distinct damage awards: $196,559.09 for services rendered, and approximately $5,000,000 for lost revenue and profit based on the amount that would be due under the Agreement through December 31, 2007.  Sands answered, alleged that it complied with paragraph 19(2)(d) in terminating the Agreement, and averred that paragraphs 10 and 19(3) of the Agreement precluded the second type of damages alleged by Premier.  
Sands paid $189,836.00 to settle Premiers first damage claim for services rendered.  In October 2004, Sands moved for summary judgment on the second damages claim for lost revenues, arguing the express terms of the Agreement prevented Premier from recovering damages for lost revenue or lost profits.  Premier argued the lost revenues or profits to which it was entitled were general damages and thus outside the province of paragraph 10.  In addition, Premier argued paragraph 19(3) did not apply because Sands wrongfully breached the Agreement.  
The trial court granted summary judgment to Sands, holding the parties intended to preclude the recovery of lost revenues or profits, whether general or special damages, in paragraph 10 of the Agreement. The court further held that the lost revenues or profits alleged by Premier were special damages precluded by paragraph 10, and that paragraph 19(3) applies only to a wrongful breach.  Premier filed a Rule 59(e), SCRCP motion, which the trial court denied.  This appeal followed.
STANDARD OF REVIEW
An appellate court reviews the grant of summary judgment under the same standard applied by the trial court.  Houck v. State Farm Fire & Cas. Ins. Co., 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005).  The trial court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005).  In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 338, 611 S.E.2d 485, 487 (2005).  
Moreover, the construction and enforcement of an unambiguous contract is a question of law for the court and thus can be properly disposed of at summary judgment.  Hansen v. United Servs. Auto. Assn, 350 S.C. 62, 67, 565 S.E.2d 114, 116 (Ct. App. 2002).  In such a case, summary judgment is proper and a trial unnecessary when the intention of the parties as to the legal effect of the contract may be gathered from the four corners of the instrument itself.  First-Citizens Bank & Trust Co. v. Conway Natl Bank, 282 S.C. 303, 305, 317 S.E.2d 776, 777 (Ct. App. 1984).
LAW/ANALYSIS
Premier argues the trial court erred in granting summary judgment because: (1) the Agreement unambiguously states only lost revenues or profits that can be categorized as special damages are precluded; (2) the lost revenues and profits it seeks here are properly categorized as general damages; and (3) paragraph 19(3) only applies to a wrongful termination.  Because we disagree with Premiers first argument, we find it unnecessary to address Premiers second and third issues.
In general, if the contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used, and the terms are to be taken and understood in their plain, ordinary, and popular sense.  Ingram v. Kaseys Assocs., 340 S.C. 98, 110, 531 S.E.2d 287, 293 (2000).  When the parties define the words or terms that they propose using, the contract will be interpreted according to such definitions if free from ambiguity.  C.A.N. Enters., Inc. v. S. C. Health & Human Servs. Fin. Commn, 296 S.C. 373, 378, 373 S.E.2d 584, 586 (1988).  The judicial function of a court of law is to enforce a contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous.  Hardee v. Hardee, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003).  The duty of a court is limited to the interpretation of the contract made by the parties themselves regardless of the contracts wisdom or folly, apparent unreasonableness, or failure of the parties to guard their rights carefully.  Gilstrap v. Culpepper, 283 S.C. 83, 86, 320 S.E.2d 445, 447 (1984).
However, when an agreement is ambiguous, the court should seek to determine the parties intent.  Ellie, Inc. v. Miccichi, 358 S.C. 78, 94, 594 S.E.2d 485, 493 (Ct. App. 2004).  A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one.  Goldston v. State Farm Mut. Auto. Ins. Co., 358 S.C. 157, 170, 594 S.E.2d 511, 518 (Ct. App. 2004).  A contract is read as a whole document so that one may not, by pointing out a single sentence or clause, create an ambiguity.  Southern Atl. Fin. Servs., Inc. v. Middleton, 356 S.C. 444, 447, 590 S.E.2d 27, 29 (2003).  Furthermore, a proper construction seeks to harmonize the various provisions, and a construction that gives meaning to all should be preferred over one which renders some provisions meaningless.  Hays v. Adair, 267 S.C. 291, 296, 227 S.E.2d 665, 667-68 (1976).
In this case, the trial court held even if the Court were to categorize the damages sought by Premier as general damages, the recovery of those damages have been specifically precluded by the parties.  By its express terms, paragraph 10 includes lost revenues and lost profits in the category of damages that cannot be recovered.  Premier contends on appeal that paragraph 10 should be read correctly as neither party shall be liable for any indirect, incidental, special, consequential, exemplary, or punitive damages, including special damages for lost profits, lost revenue . . . .  However, this construction would render the parenthetical information in paragraph 10 meaningless.  See Hays, 267 S.C. at 296, 227 S.E.2d at 667-68.  We hold the Agreement unambiguously defines any claims for loss of revenue or profit as claims for special damages.  Therefore, the trial court properly held these claims were excluded under paragraph 10 of the Agreement.  Accordingly, the trial courts order is
AFFIRMED.[1]
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.