THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Waterford Place Homeowners Association of Lexington, Inc.,
Respondent,
v.
Richie D. Barnes, Appellant.
 
 
 

Appeal from Lexington County
 Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2006-UP-289
Submitted June 1, 2006  Filed June 21, 2006

AFFIRMED

 
 
 
Richie D. Barnes, pro se, of Columbia; for Appellant.
Walter B. Todd, Jr., of Columbia; for Respondent.
 
 
 

PER CURIAM:  Richie D. Barnes appeals the trial courts grant of summary judgment in an action to foreclose his property for unpaid assessments.  We affirm. [1]   
FACTS
Waterford Place Homeowners Association of Lexington, Inc. (Waterford) is a corporation that manages and maintains the planned unit development of Waterford Place.   Richie D. Barnes is the owner of a residential unit in Waterford Place.  Pursuant to the Declaration of Covenants, Conditions, and Restrictions of Waterford Place, each owner agrees to pay Waterford assessments to be determined by the association.    Failure to pay the assessment may result in interest accruing or a foreclosure action.  
Waterford brought this action to foreclose on its lien for unpaid assessments by Barnes.   Waterford claims Barnes failed to pay assessments representing Barnes share of common expenses.  According to his own testimony, Barnes stopped paying the monthly assessments on June 3, 2002, and now owes $5,700.00 in unpaid assessments.  Barnes counterclaimed alleging breach of express warranty, negligence and fraud.  In essence, Barnes claimed he should not have to pay the assessments because Waterford was not maintaining the common areas, specifically those places around his property.  
After serving interrogatories on Barnes and finding his answers unsatisfactory, Waterford filed a motion to compel and a motion for summary judgment.  The trial court sympathized with Barnes, but found that he was nonetheless liable for the assessments.  The trial court granted Waterfords motion for summary judgment as to Barnes liability for foreclosure for unpaid assessments, granted Waterfords motion for summary judgment without prejudice as to Barnes counterclaims, and referred the matter to the master-in-equity for further proceedings as to the foreclosure.  The trial court went on to say that the appropriate action for Barnes would be to file an action seeking specific performance.  This appeal followed.  
LAW/ANALYSIS
Barnes contends the trial court erred in granting summary judgment in an action to foreclose his property due to unpaid assessments.  We disagree.  
When reviewing the grant of a summary judgment motion, appellate courts apply the same standard which governs the trial court under Rule 56(c), SCRCP, which states that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005).  On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below.  Willis v. Wu, 362 S.C. 146, 150-51, 607 S.E.2d 63, 65 (2004); see also, Schmidt v. Courtney, 357 S.C. 310, 316-17, 592 S.E.2d 326, 330 (Ct. App. 2003) (stating all ambiguities,
conclusions, and inferences arising from the evidence must be construed most strongly against the moving party).
Summary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of the law.  Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005); Montgomery v. CSX Transp., Inc., 362 S.C. 529, 542, 608 S.E.2d 440, 447 (Ct. App. 2004).  Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them,
summary judgment should be denied.  Nelson v. Charleston County Parks & Recreation Commn, 362 S.C. 1, 5, 605 S.E.2d 744, 746 (Ct. App. 2004).  However, when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ,
summary judgment should be granted.   Ellis v. Davidson, 358 S.C. 509, 518, 595 S.E.2d 817, 821 (Ct. App. 2004).
It is undisputed the Covenants of Waterford Place provide that each owner by acceptance of the deed agrees to pay the assessments and a failure to do so may result in a foreclosure.  Barnes readily admits he failed to pay the assessments since June 3, 2002.  The trial court was correct in concluding that regardless of Waterfords failure to make repairs as required by the Covenants, Barnes duty to pay remains.  His admitted failure to pay the assessments triggered the foreclosure provision of the Covenants.  As for Barnes counterclaims, he does not make an argument in his brief concerning these issues.   We therefore, find it unnecessary to reach the merit of his counterclaims.    
Barnes also argues that by granting summary judgment, the trial court violated his constitutional right to have trial by jury.  Barnes cites Rule 38(a), SCRCP, as the basis for his argument.  Though Rule 38(a) does provide for a trial by jury in certain cases, Rule 56, SCRCP, provides for summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  In essence, Rule 56 allows for an efficient disposition of a case when there is no need for it to go to a jury.  Barnes right to a jury trial was not violated by the granting of summary judgment.  To hold otherwise would mean that whenever a jury demand is made, summary judgment is no longer an option.  
CONCLUSION
For the reasons stated herein, the trial courts decision is 
AFFIRMED.  
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.