The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Brighton Woods Homeowners Association, Incorporated, Appellant,
 v.
 Four Seventeen, Incorporated and The Ryland Group, Incorporated, Respondents.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2007-UP-096
Submitted February 1, 2007  Filed February 23, 2007

REVERSED AND REMANDED

 
 
 
 William Duncan Fore, of Greenville, for Appellant.  
 Shane W. Rogers and Kristin Burnett Barber, both of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  Brighton Woods Homeowners Association, Inc. appeals the grant of summary judgment to The Ryland Group.  We reverse and remand.[1]
FACTS
In 1997, Four Seventeen, Inc. began development of the residential subdivision Brighton Woods.  Four Seventeen drafted a set of covenants and restrictions to govern the use of property in the subdivision and to control the operation of the Brighton Woods Homeowners Association, which was created by the documents.  Amended covenants[2] were filed with the register of deeds in October of 1997.  The board of directors was responsible for setting the annual assessments.  Until 2000, Four Seventeen acted as the de facto board of directors for the association.  
Thereafter, The Ryland Group entered into an agreement to purchase a number of lots in the subdivision and began constructing houses thereon.  By agreement, Four Seventeen did not levy assessments against Ryland.  In 2000, property owners in the subdivision took control of the association.  The association levied assessments against Ryland, and Ryland refused to pay claiming that it was not required to pay such fees under its agreement with Four Seventeen.  The association sued Ryland and Four Seventeen for back due assessments.  The trial court granted Rylands motion for summary judgment on the ground that the covenants required a meeting of all property owners to set the annual assessments and since such a meeting was not conducted, the assessments were improperly made.  Consequently, Ryland could not be held liable for them.  
STANDARD OF REVIEW
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  Rule 56(c), SCRCP.  Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005).  
ANALYSIS
A reading of the covenants leads us to disagree with the trial courts interpretation of its provisions.  Article III, Section 3 provides:

 
 a.
 [T]he maximum annual assessment may be increased each year not more than ten (10%) percent above the maximum assessment for the previous year without a vote of the membership.
 
 
 b.
 [T]he maximum annual assessment may be increased above ten (10%) percent by a vote of two-thirds (2/3) of each class of members who are voting in person or by proxy, at a meeting duly called for this purpose.
 
 
 c. 
 The Board of Directors may fix the annual assessment at an amount not in excess of the maximum.  
 

Section 4 of Article III allows the board to levy a special assessment provided that any such assessment shall have the consent of two-thirds (2/3) of the votes of each class of members who are voting in person or by proxy at a meeting duly called for this purpose.  These provisions clearly indicate a vote of the membership is required for increases of more than 10% or for special assessments.  
Article III, Section 5 is entitled Notice and Quorum for Any Action Authorized Under Sections 3 and 4.  It states:  Written notice of any meeting called for the purpose of taking any action authorized under Section 3 or 4 shall be sent to all members not less than thirty (30) days nor more than sixty (60) days in advance of the meeting.  Section 7 provides that the board of directors shall fix the amount of the annual assessment against each Lot at least thirty (30) days in advance of each annual assessment period, and [w]ritten notice of that annual assessment shall be sent to every Owner subject thereto.  The trial court concluded that when Article III, Section 3 is read in conjunction with Article III, Sections 5 and 7, the covenants require a meeting of the membership to approve any assessment.  We disagree.  
Even though Section 5 references any action authorized under sections 3 and 4, the only actions authorized under Sections 3 and 4 that require meetings of the membership are special assessments and increases greater than 10%.  Section 5 provides the framework by which a meeting must be noticed and conducted, and Section 7 prescribes how and when members are to be notified of the annual assessment.  There appears to be a distinction between acts that require a meeting of the board and acts that require a meeting of the associations membership.  Although Article III could have been written more clearly, a plain reading of all the provisions does not lead to the conclusion that the determination of all annual assessments requires a meeting of the membership.
 After examining the record, there appears to be a genuine issue of material fact regarding whether the association complied with the mandates set forth in Article III, Section 7 of the covenants.  From the record before us, we cannot ascertain with certainty the amount of the annual assessment, whether the board set that amount by meeting or otherwise, or if Ryland received the required notice in the prescribed time period.  
Because we disagree with the trial courts conclusion that the provisions of the covenants require a meeting of the members of the association to set the assessments, we reverse that portion of the order.  However, having concluded that a genuine issue of material fact exists regarding the associations compliance with Article III, Section 7 of the covenants, we remand for further proceedings.
REVERSED AND REMANDED.
HEARN, C.J., GOOLSBY and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] First Amendment to Declaration of Covenants, Conditions and Restrictions for a Residential Subdivision Known as Brighton Woods.