THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Furtick, Appellant,
 v.
 South Carolina Department of Corrections, Respondent.
 
 
 

Appeal From Richland County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 07-UP-200
Submitted April 2, 2007  Filed May 3, 2007

AFFIRMED

 
 
 
 James Furtick, of Bennettsville, pro se Appellant.  
 Nikole D. Haltiwanger, of Columbia, for Respondent.
 
 
 

PER CURIAM:  James Furtick appeals the circuit courts order regarding access to his prison records pursuant to the Freedom of Information Act (S.C. Code Ann. Section 30-4-10 et seq.).  We affirm.[1]
FACTS
As an inmate in the South Carolina Department of Corrections, Furtick filed a request with the Departments Director of Executive Affairs for copies of his complete prison record . . . from the year 1968 through the present, excluding medical records.  It is not clear from the record what correspondence was then exchanged between the parties, but an unsatisfied Furtick filed a complaint with the circuit court.  He also wrote to the Director of Executive Affairs inquiring about the lack of response to his request.  Furtick filed a motion for summary judgment, and that motion was heard on March 10, 2006.  
The circuit court issued an order stating that Furticks request was not sufficiently clear so that the SCDC could properly respond . . . .  The court provided that Furtick should have thirty days to submit a written request to the Department specifically identify[ing] the information which he is requesting . . . so that the SCDC will be able to determine the exact documents which [he] is requesting.  The courts order further required Furtick to pay twenty-five cents per copy.  
Furtick raises several issues on appeal, alleging error on the part of the circuit court as follows:  (1) in determining that his FOIA request was not sufficiently clear, (2) in dismissing his claim when a motion to compel was pending, (3) in ruling Furtick had to purchase his prison records before he could inspect them, (4) in dismissing his case with prejudice, and (5) by not granting Furticks motion for summary judgment.  
STANDARD OF REVIEW
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  Rule 56, SCRCP.  Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005).  The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  
LAW/ANALYSIS
Furtick first claims the court erred in finding that his request was not sufficiently clear.  We disagree.  At the hearing on Furticks motion for summary judgment, the Department indicated there had been correspondence back and forth between Furtick and the Department regarding his request.  Furtick, while continuing to request his entire prison file, seemed to focus on obtaining information regarding his work credits relating to the calculation of his release date.  According to the Department, Furticks correspondence was confusing and requests for production filed by Furtick asked for information by generally referencing certain statutes, making it difficult to determine which documents would be responsive.  Based on this discussion, it appears Furticks request was broad and lacked specificity.  Therefore, the courts determination was not in error.
Furtick also claims the court erred in dismissing his motion for summary judgment when his motion to compel discovery was still pending.  As Furtick failed to move for a continuance or ask the court to hold its ruling on his summary judgment motion in abeyance, this issue is not preserved for our review.  See Degenhart v. Knights of Columbus, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992).
Furtick argues that it was error for the court to require that he pay for his records before he had the opportunity to inspect them.  Section 30-4-30(a) of the South Carolina Code (Rev. 2007) provides [a]ny person has a right to inspect or copy any public record of a public body, except as otherwise provided by § 30-4-40, in accordance with reasonable rules concerning time and place of access.  Nothing in the statute provides that records must be sent to a person for inspection, and the statute does not mandate special consideration for inmates.  In addition, Furtick has the means to access the records he seeks.  He is simply required to make a sufficiently specific request and pay a fee for copying as provided by law.  See S.C. Code Ann. § 30-4-30(b) (Rev. 2007) (The public body may establish and collect fees not to exceed the actual cost of searching for or making copies of records.).[2]
Furtick further contends the court erred in denying his motion for summary judgment.  The denial of a motion for summary judgment is generally not appealable.  See Ballenger v. Bowen, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) (This Court has repeatedly held that the denial of summary judgment is not directly appealable.).  Consequently, this issue is not properly before us for review.  
Finally, Furtick contends the court erred in dismissing his claim with prejudice.  We disagree.  A dismissal with prejudice acts as an adjudication on the merits and therefore precludes subsequent litigation just as if the action had been tried to a final adjudication.  Laughon v. OBraitis, 360 S.C. 520, 527, 602 S.E.2d 108, 111 (Ct. App. 2004).  The court heard from both Furtick and the Department, and the resulting order disposed of all the underlying matters in the suit.  Consequently, no purpose would be served by allowing Furtick to relitigate matters determined by the courts order.  Should either side not comply with the courts mandate, the aggrieved party can file a rule to show cause regarding the other partys failure to comply with the order.
Based on all of the foregoing, the order of the circuit court is
AFFIRMED.
HEARN, C.J., GOOLSBY, and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The standard charge imposed by the Department for copying is twenty-five cents per page.